# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: MIGUEL SELWYN THOMAS,
                                    *Debtor.*

BYRON Z. MOLDO, Chapter 7
Trustee,
                                    *Appellant,*

              v.

ARVIS ASH,
                                    *Appellee.*

No. 03-57164

BAP No.
CC 03-1052
Bk. No.
SV 01-11666-AG
Adv. No.
AD 02-1022-AG

OPINION

Appeal from the Ninth Circuit Bankruptcy Appellate Panel
Perris, Marlar and Pappas, Bankruptcy Judges, Presiding

Argued and Submitted
September 14, 2005—Pasadena, California

Filed November 18, 2005

Before: Susan P. Graber and William A. Fletcher,
Circuit Judges, and Jeremy Fogel, District Judge*

Opinion by Judge Fogel

---

*The Honorable Jeremy Fogel, United States District Judge for the
Northern District of California, sitting by designation.

15457

**COUNSEL**

Anthony A. Friedman, Rein Evans & Sestanovich, LLP, Los Angeles, California, for the appellant.

Andrew E. Smyth, Los Angeles, California, and Arvis Ash, *pro se*, Van Nuys, California, for the appellee.

**OPINION**

FOGEL, District Judge:

Byron Moldo, the Chapter 7 Trustee ("Trustee"), appeals a decision of the Bankruptcy Appellate Panel ("BAP") reversing the bankruptcy court's determination that the bankruptcy debtor, Miguel Selwyn Thomas ("Debtor"), fraudulently transferred a condominium to his mother, Arvis Ash ("Ash"), before filing for bankruptcy. We have jurisdiction pursuant to 28 U.S.C. § 158(d). Because we conclude that the BAP erroneously excluded from its review the relevant findings underpinning the bankruptcy court's judgment, we vacate and remand so that the BAP may review the bankruptcy court's judgment based upon the full record.

**BACKGROUND**

Debtor acquired legal title to a condominium located in Van Nuys, California in 1997, and executed a quitclaim deed conveying the condominium to Ash in 2000. The quitclaim deed was recorded on June 7, 2000. On February 28, 2001, Debtor filed a voluntary petition for relief under Chapter 7 of

Title 11 of the United States Code. Trustee subsequently filed an adversary proceeding against Ash, seeking to set aside the transfer of the condominium as fraudulent under California's fraudulent transfer laws.[1]

The bankruptcy court conducted a one-day bench trial on January 7, 2003. At the start of the trial, Trustee's counsel clarified that Trustee would attempt to demonstrate fraudulent transfer on the grounds that Debtor was insolvent at the time of conveyance and did not receive equivalent value for the condominium; counsel stated that Trustee would not attempt to prove that Debtor actually intended to defraud his creditors. Immediately following the bench trial, the bankruptcy court rendered an oral decision in favor of Trustee, concluding that Trustee had demonstrated insolvency at the time of the transfer because Debtor's bankruptcy petition disclosed a single debt of approximately $2,000 and indicated that he did not receive any income for the two years preceding his petition. The court further concluded that Debtor had gifted the condominium to his mother and therefore had not received reasonably equivalent value.[2]

Two days later, on January 9, 2003, Ash filed a motion to amend the judgment. On January 21, 2003, the bankruptcy court issued a written judgment in favor of Trustee, voiding the transfer as fraudulent and preserving the condominium for the benefit of the bankruptcy estate. The judgment, which did not address Ash's pending motion, was entered on January 22, 2003. After the completion of briefing on Ash's timely appeal, the BAP discovered the existence of Ash's pending motion to amend the judgment; it therefore suspended the

---

[1] Pursuant to 11 U.S.C. § 544, a bankruptcy trustee may avoid any transfer by the debtor that constitutes a fraudulent transfer under state law. *Decker v. Advantage Fund Ltd.*, 362 F.3d 593, 596 (9th Cir. 2004).

[2] The bankruptcy court made an alternative finding that, even if it were to accept Ash's representation that she paid Debtor $3,600 for the condominium, such payment did not constitute equivalent value.

appeal and remanded to the bankruptcy court for disposition of the motion.

On remand, the bankruptcy court permitted the parties to depose Debtor, who had not been available at trial, to conduct other discovery, and to submit additional evidence and briefing. On August 14, 2003, the court issued a written decision denying Ash's motion to amend the judgment and reaffirming judgment in favor of Trustee ("August 2003 Order"). However, while the bankruptcy court again found that Debtor was insolvent at the time of the conveyance, the insolvency determination on remand was based upon new and different factual determinations. Specifically, the court found that, at the time of transfer, Debtor had debt of approximately $90,000 (as opposed to debt of approximately $2,000 as originally found) and income of approximately $30,000 per year (as opposed to no income as originally found). The bankruptcy court stated explicitly that, to the extent these new findings were inconsistent with the original findings, the new findings constituted the findings of the court.

The BAP then reinstated Ash's appeal. At oral argument, Trustee asked that the BAP consider the bankruptcy court's amended findings set forth in the August 2003 Order. The BAP declined to do so; instead, it proceeded with Ash's appeal as though the bankruptcy court's judgment still rested only upon the original findings. On November 12, 2003, the BAP issued a written memorandum disposition reversing the bankruptcy court's judgment for Trustee, after concluding that a single debt of approximately $2,000 and a lack of income at the time of conveyance were insufficient as a matter of law to establish insolvency.

In declining to address the bankruptcy court's amended findings, the BAP relied upon Rule 8002(b) of the Federal Rules of Bankruptcy Procedure. That rule provides, *inter alia*, that a party seeking review of an order disposing of a motion to amend the judgment must file an amended notice of appeal.

Fed. R. Bank. P. 8002(b). The BAP concluded that the amended findings that ultimately underpinned the bankruptcy court's judgment were not subject to review because those findings were set forth in the August 2003 Order denying Ash's motion to amend the judgment, and Ash did not file an amended notice of appeal seeking review of that order pursuant to Rule 8002(b).

## STANDARD OF REVIEW

We review *de novo* the decisions of the BAP. *Hanf v. Summers (In re Summers)*, 332 F.3d 1240, 1242 (9th Cir. 2003). We review the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *Id.*

## DISCUSSION

**[1]** The BAP erred in concluding that it lacked jurisdiction to review the bankruptcy court's amended findings. Although the parties did not brief the jurisdictional issue on appeal, we are required to consider the presence or absence of subject matter jurisdiction *sua sponte*. *Cannon v. Hawaii Corp. (In re Hawaii Corp.)*, 796 F.2d 1139, 1141 (9th Cir. 1986).

Rule 8002(b), on which the BAP relied in limiting its review to the bankruptcy court's original findings, provides:

> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:
>
> (1)  to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;
>
> (2)  to alter or amend the judgment under Rule 9023;

(3)   for a new trial under Rule 9023; or

(4)   for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment. A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment, order, or decree shall file a notice, or an amended notice, of appeal within the time prescribed by this Rule 8002 measured from the entry of the order disposing of the last such motion outstanding. No additional fees will be required for filing an amended notice.

Fed. R. Bank. P. 8002(b).

**[2]** Under this rule, Ash's notice of appeal of the bankruptcy court's judgment was ineffective when filed because of the pendency of her motion to amend the judgment. *See id.*, advisory committee notes (1994 Amend.) (stating that "[a] notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the district court or bankruptcy appellate panel"). Ash's appeal of the judgment became effective *only* upon the bankruptcy court's entry of its August 2003 Order disposing of her motion. At that time, the judgment rested on the amended findings. The BAP thus had jurisdiction to review the amended findings.

**[3]** Rule 8002(b) requires an amended notice of appeal when the bankruptcy court's ruling on a postjudgment motion alters the judgment and the appellant wishes to challenge *that alteration*. Rule 8002(b) provides that "[a] party intending to challenge an alteration or amendment of the judgment, order, or decree shall file a notice, or an amended notice, of appeal within the time prescribed by this Rule 8002 measured from the entry of the order disposing of the last such motion outstanding." Fed. R. Bank. P. 8002(b). The Advisory Committee Notes clarify that "[i]f the judgment is altered upon disposition of a postjudgment motion . . . and if a party who has previously filed a notice of appeal wishes to *appeal from the disposition of the motion*, the party must amend the notice to so indicate." *Id.*, advisory committee notes (1994 Amend.) (emphasis added).

**[4]** The BAP apparently believed that these provisions deprived it of jurisdiction to consider any aspect of the August 2003 Order because Ash did not file an amended notice of appeal with respect to that order. However, Ash did not seek review of the disposition of her motion to amend the judgment, but rather of the judgment itself. *See* 10 Collier on Bankruptcy ¶ 8002.08 (15th ed., rev. 2005) ("If the appellant does not wish to appeal from the order disposing of the postdecisional motion, but only from the original order, an amended notice of appeal is unnecessary."). Accordingly, the BAP erred in limiting its review to the original findings, which had been superseded at the time Ash's appeal became effective.[3]

Remand is the appropriate remedy when the BAP erroneously fails to address the merits of an appeal of a bankruptcy

---

[3]The BAP's approach may have worked a substantial injustice as to Trustee. The bankruptcy court's findings regarding insolvency arguably were much stronger on remand, and thus were more favorable to Trustee, but the BAP declined to consider those findings because *Ash* failed to file an amended notice of appeal.

court's judgment because of a perceived procedural bar. *See Arrowhead Estates Dev. Co. v. U.S. Trustee (In re Arrowhead Estates Dev. Co.)*, 42 F.3d 1306, 1311-12 (9th Cir. 1994) (concluding that the BAP erred in failing to reach the merits of an appeal of the bankruptcy court's judgment and remanding for further proceedings).

VACATED AND REMANDED.