NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.  12-1108-JuKiD |
| MICHAEL WOOD, | Bk. No.  10-49032 |
| Debtor. | Adv. No. 11-02775 |
| MICHAEL WOOD, | |
| Appellant, | |
| v. | M E M O R A N D U M[*] |
| JOSE GOULART; MARIA GOULART; UNITED STATES TRUSTEE, | |
| Appellees. | |

Submitted Without Oral Argument
on October 19, 2012[**]

Filed - October 31, 2012

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Robert S. Bardwil, Bankruptcy Judge, Presiding

_____

Appearances:  Appellant Michael Wood on brief pro se.

_____

Before:  JURY, KIRSCHER, and DUNN Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**] Pursuant to Rule 8012, after notice to appellant, the Panel unanimously determined after examination of the brief and record that oral argument was not needed by order entered on September 18, 2012.

-1-

Debtor Michael Wood appeals from the bankruptcy court's order remanding to state court (the "Remand Order") an unlawful detainer action against him.  We AFFIRM.

## I.  FACTS

On October 2, 2010, Michael Wood entered into a residential lease with Corral Hollow Property Management as landlord/agent for the owners/appellees Jose and Maria Goulart[1] of real property located in Tracy, California.  The lease was month to month with a monthly rental rate of $1,175.

Approximately one month later, on November 1, 2010, Wood filed his second chapter 11[2] petition.  Shortly after, the bankruptcy court entered a minute order on December 3, 2010, dismissing Wood's case.  Wood appealed the order dismissing his case (Dismissal Order), along with other orders, to this Panel. The Panel affirmed the bankruptcy court's decision to dismiss his case in Wood v. Johnson (In re Wood), 2011 WL 7145617 (9th Cir. BAP 2011).  Wood appealed the Panel's decision to the Ninth Circuit.

On August 27, 2011, over eight months after Wood's second bankruptcy case was dismissed, the Goularts served Wood with a thirty-day notice to quit.  On November 10, 2011, the Goularts filed an unlawful detainer action against Wood in the California Superior Court, County of San Joaquin (Cal. Sup. Ct. Case

---

[1] The appellees have not responded to this appeal.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

No. 272261).

Over a year after his chapter 11 case was dismissed, on December 15, 2011, Wood removed the unlawful detainer action to the bankruptcy court (Adv. Case No. 11-02775).

On February 15, 2012, Wood filed a status conference report with respect to the adversary. In the report, Wood asserted that the bankruptcy court had jurisdiction over the matter because he was a party to all claims that were removed and, therefore, the adversary related to his bankruptcy case that was "pending."

On February 16, 2012, the bankruptcy court held a status conference on the matter. At the hearing, the bankruptcy court observed that there was no stay pending appeal regarding the Dismissal Order. On February 17, 2012, the bankruptcy court issued the Remand Order finding that it did not have jurisdiction over the removed case because the underlying chapter 11 case was dismissed prior to the removal. Wood timely appealed.

## II.   JURISDICTION

The bankruptcy court's jurisdiction to issue the Remand Order is at issue in this appeal and will be discussed below. We have jurisdiction under 28 U.S.C. § 158.

## III.   ISSUE

Did debtor's appeal of the Dismissal Order to the Ninth Circuit divest the bankruptcy court of jurisdiction to issue the Remand Order?

## IV.   STANDARD OF REVIEW

We review de novo issues regarding a bankruptcy court's

-3-

jurisdiction. See Mantz v. Cal. Bd. Of Equalization (In re Mantz), 343 F.3d 1207, 1211 (9th Cir. 2003).

## V. DISCUSSION

On appeal, debtor contends that the Remand Order is void as a matter of law because his appeal of the Dismissal Order divested the bankruptcy court of jurisdiction over all matters regardless of whether they pertain to the order on appeal. Debtor is mistaken.

A timely filed notice of appeal divests a bankruptcy court of jurisdiction "over those aspects of the case involved in the appeal." Sherman v. SEC (In re Sherman), 491 F.3d 948, 967 (9th Cir. 2007). The bankruptcy court retains jurisdiction over all other matters in the case. The only caveat is that the court "'may not alter or expand upon the judgment.'" Id.

"If a party wants to stay all of the proceedings in bankruptcy court while an appeal is pending, it must file a motion for a stay." Id. (citing Rule 8005). Wood neither sought nor obtained a stay under Rule 8005 of the bankruptcy court's Dismissal Order. Therefore, the bankruptcy court had jurisdiction to consider whether the removed case was properly before it.

The bankruptcy court was "required to consider the presence or absence of subject matter jurisdiction sua sponte." Moldo v. Ash (In re Thomas), 428 F.3d 1266, 1268 (9th Cir. 2005). Although the dismissal of Wood's case would not automatically terminate the bankruptcy court's jurisdiction over a "related to" state court action that was pending at the time of dismissal, In re Wood, 2011 WL 7145617, at *8 (citing Carraher

-4-

v. Morgan Elec., Inc. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992)), a bankruptcy court may not exercise its discretion to retain jurisdiction over a "related to" proceeding initiated subsequent to the dismissal of the bankruptcy case. See Sea Hawk Seafoods, Inc. v. State of Alaska (In re Valdez Fisheries Dev. Ass'n, Inc.), 439 F.3d 545, 548-49 (9th Cir. 2006). The outcome of such a proceeding could not conceivably have any effect on the estate being administered since there was no estate under administration after the chapter 11 was dismissed. Therefore, remand of the removed action was required.

**VI.   CONCLUSION**

For the reasons stated, we AFFIRM.