**Bert DOHMEN–RAMIREZ and Wellington Advisory, Inc.,**
**Petitioners,**

v.

**COMMODITY FUTURES TRADING COMMISSION and Ronald Ho,**
**Respondents.**

Nos. 86–7540, 86–7725.

United States Court of Appeals,
Ninth Circuit.

May 16, 1988.

---

Richard A. Graham, Washington, D.C., for petitioners.

James T. Kelly, CFTC, Washington, D.C., for respondent; Daniel Goodman, Asst. General Counsel, CFTC, Washington, D.C., for respondent CFTC.

Glenn M. Miyajima, Honolulu, Hawaii, for respondent Ronald Ho.

Before BROWNING, WRIGHT and LEAVY, Circuit Judges.

## ORDER

LEAVY, Circuit Judge.

### INTRODUCTION

In the underlying case, *Dohmen–Ramirez v. CFTC*, 837 F.2d 847 (9th Cir.1988), we awarded attorney's fees and double costs to respondent Ho, pursuant to Federal Rule of Appellate Procedure 38. *Id.* at 860–61.

Ho's application for attorney's fees is now before the court. Ho's application can be separated into three areas. First, Ho requests that he be awarded attorney's fees for each of the three procedural steps in this action: (1) the proceedings before the administrative law judge (ALJ) of the Commodity Futures Trading Commission (CFTC), (2) the proceedings before the CFTC, and (3) the proceedings before this court.

Second, Ho requests that he be awarded "supplemental out-of-pocket" costs for each of these three time periods.

Third, Ho requests that both his attorney's fees and costs be doubled, under the Commodity Exchange Act, 7 U.S.C. § 18(e) (1980 & Supp.1987).

### I. Amount of Attorney's Fees

Federal Rule of Appellate Procedure 38 allows the court to award "just damages and single or double costs to the appellee" if we determine that an *appeal* is frivolous. We determined that *this appeal* was "frivolous and harassing." *Dohmen–Ramirez*, 837 F.2d at 861. We did not determine, nor were we asked to determine, whether the actions before the ALJ or the CFTC were meritorious. Therefore, as provided in our earlier decision, we award Ho attorney's fees incurred in the appeal before the court only.

Ho requests $10,157.68 in attorney's fees for the appeal. Ho supports the amount with time records outlining the time expended, the work performed, and the attorney performing the work. The time records were prepared from time sheets filled out daily by each attorney. Dohmen–Ramirez objects to the total amount requested, arguing that the time records are not sufficient to justify the fees sought, and suggesting that Ho is requesting fees for an extravagant amount of time.

We find the time records of Ho's attorneys are sufficiently detailed to support the amount requested. Further, the time spent on the appeal was not extravagant, given the extensive factual record that was necessarily developed and presented to this court. Therefore, we find that $10,157.68 is a reasonable amount in attorney's fees.

## II. Amount of Out-of-Pocket Costs

Ho requests certain supplemental out-of-pocket costs for each of the three time periods described earlier. Dohmen–Ramirez objects to those items that are not provided for under 28 U.S.C. § 1920.

We find that Ho is entitled to costs incurred in the proceedings before the court. Federal Rule of Appellate Procedure 39(c), Ninth Circuit Local Rule 39–1, and 28 U.S.C. § 1920 describe those expenses that may be claimed as "costs" under Federal Rule of Appellate Procedure 38. Of the costs claimed by Ho, only those for copying and brief reproduction in the appeal to the court are allowed. Thus, Ho is entitled to an award of $233.08 in doubled costs.[1]

## III. Doubling of Attorney's Fees as Part of Costs

Ho contends that he is entitled to an award of double attorney's fees under the Commodity Exchange Act, 7 U.S.C. § 18(e). Section 18(e) provides that "[i]f the appellee prevails, he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of his costs." Because we awarded Ho double costs, Ho argues section 18(e) dictates that his attorney's fees be included in the calculation of costs, and doubled. We disagree, for several reasons.

First, to double the award of attorney's fees would be contrary to the language of our opinion, which expressly stated that costs were to be doubled, but did not state that attorney's fees were to be doubled. Second, doubling of attorney's fees would

be contrary to the language of section 18(e), which provides for "reasonable" attorney's fees. Lastly, we interpret section 18(e) to refer to the mode of taxation and assessment of attorney's fees, not the amount. This is consistent with *Montgomery & Assoc., Inc. v. CFTC*, 816 F.2d 783 (D.C.Cir.1987), which held that an application for award of attorney's fees under 7 U.S.C. § 18(e) must comply with the procedures established for the submission of costs, rather than those established for the submission of attorney's fees.

Therefore, Ho is entitled to an award of actual attorney's fees incurred in the appeal to this court, which as stated earlier amounts to $10,157.68.

## CONCLUSION

Ho is entitled to attorney's fees of $10,157.68 and double costs of $233.08.

---

1. This figure includes $98.44 for brief reproduction and claims of $12.40 and $5.70 for xeroxing documents in the appeal. This sum is then doubled, pursuant to our previous opinion.