**Grant S. LYDDON, Plaintiff–Appellant,**

v.

**GEOTHERMAL PROPERTIES, INC., Defendant–Appellee.**

No. 92–55466.

United States Court of Appeals, Ninth Circuit.

Submitted * July 1, 1992.

Decided June 17, 1993.

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Grant S. Lyddon, Pro per., Santa Monica, CA, for plaintiff-appellant.

Paul R. Hoeber, Marron, Reid & Sheehy, San Francisco, CA, for defendant-appellee.

Before: BEEZER, HALL, and TROTT, Circuit Judges.

PER CURIAM:

Grant S. Lyddon contests the district court's award of $54,728.05 in attorney's fees, double costs, and related damages to Geothermal Properties, Inc. (GPI). This award was made pursuant to this court's order imposing Fed.R.App.Pro. 38 sanctions. The district court had jurisdiction under 28

U.S.C. § 1332(a)(1). This court has jurisdiction under 28 U.S.C. § 1291. For the reasons stated below we reverse the district court's award and impose sanctions in the amount of $26,493.40.

## BACKGROUND

This protracted litigation began on June 22, 1989, when Lyddon sued GPI alleging that the company had fraudulently induced him to sell ten geothermal leases in 1982. On January 29, 1990, the district court granted GPI's motion for summary judgment. However, it denied GPI's motion for Rule 11 sanctions.

On March 5, 1990, Lyddon appealed the district court's grant of summary judgment. GPI responded by filing a cross-appeal from the denial of its request for Rule 11 sanctions. This court affirmed the district court's judgment on both claims. In addition, we granted GPI's motion for Rule 38 sanctions. We found Lyddon's appeal to be wholly frivolous and awarded GPI "the full measure of sanctions—attorney's fees, double costs, and any related damages." On remand, the district court was instructed to calculate the appropriate award.

GPI submitted a request for $908,398 in sanctions. On March 11, 1992, the district court held a hearing where it awarded GPI $54,728.05. This included $52,695 in attorney's fees, $584 in double costs, and $1,449.05 in related damages. The district court denied GPI's request for $715,750 for the diminution in the value of its leases and for $137,920 for lease costs. Unsatisfied with this result, Lyddon appealed the district court's award.

## STANDARD OF REVIEW

We agree with GPI that the district court's calculation of Rule 38 sanctions is reviewed for abuse of discretion. This is consistent with the Supreme Court's decision in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), where the Court held that an award of sanctions pursuant to Fed.R.Civ.P. 11 is reviewed for abuse of discretion. *Id.* at 402–403, 110 S.Ct. at 2459–2460. Moreover, we recognize that if this court had contemplated engaging in *de novo* review there would have been no reason to remand this case to the district court in the first place.

## DISCUSSION

Lyddon argues that the district court's award is excessive for two reasons. First, it compensates GPI for the attorney's fees and costs that it incurred during the computation of Rule 38 sanctions on remand. Second, it reimburses GPI for the attorney's fees, costs, and related damages associated with the cross-appeal that GPI brought before this court in the underlying action.

■ These are issues of first impression. No circuit court has defined the limits of Rule 38. However, there is considerable authority concerning what is recoverable under Fed.R.Civ.P. 11. We recognize the similarity between Rule 11 and Rule 38 sanctions and agree with those courts which have concluded that the principles governing the interpretation of Rule 11 should control in interpreting Rule 38. See *Sparks v. N.L.R.B.*, 835 F.2d 705, 707 (7th Cir.1987); *Coghlan v. Starkey*, 852 F.2d 806, 817 n. 21 (5th Cir. 1988).

The scope of Rule 11 was defined in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In *Cooter & Gell*, the Supreme Court held that under Rule 11 a party is not entitled to the costs of defending an award of sanctions on appeal. The Court rejected the argument that the party seeking sanctions would not have incurred its appellate expenses if the offending pleading had never been filed. "This line of reasoning would lead to the conclusion that expenses incurred 'because of' a baseless filing extend indefinitely." *Cooter & Gell*, 496 U.S. at 406, 110 S.Ct. at 2461. Instead, the Court concluded that "Rule 11 is more sensibly understood as permitting an award only of those expenses directly caused by the filing. . . ." *Id.*

In *Lockary v. Kayfetz*, 974 F.2d 1166 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2397, 124 L.Ed.2d 298 (1993), the Ninth Circuit relied on *Cooter & Gell* in holding that a party is not entitled to the cost of preparing and supporting a motion for sanctions under Rule 11. The *Lockary* court concluded that these costs were not sufficiently related to the offending pleading. Rather than being caused by the plaintiff's initial filing, they were incurred because of the district court's decision to award sanctions. *Lockary*, 974 F.2d at 1178.

■ It follows that the costs associated with the computation of Rule 38 sanctions should not be recoverable. These costs are not incurred defending against the frivolous appeal. Instead, they are directly related to the court of appeals' decision to impose sanctions. Thus, we hold that the district court abused its discretion in awarding GPI the costs associated with the computation of Rule 38 sanctions on remand.

■ Applying this reasoning, we also hold that the district court erred in reimbursing GPI for the costs of bringing its cross-appeal. GPI appealed the district court's denial of Rule 11 sanctions. This issue was separate and distinct from Lyddon's appeal, which involved whether the district court erred in granting summary judgment. As a result, the expenses incurred in litigating the cross-appeal were not sufficiently related to the costs of defending against Lyddon's frivolous action, and therefore were not properly compensable.

GPI argues that its cross-appeal was sufficiently intertwined with Lyddon's appeal to justify the district court's award. According to GPI, it was forced to bring the cross-appeal in order to request Rule 38 sanctions. We disagree. GPI could have requested Rule 38 sanctions as part of its response to Lyddon's appeal. As stated above, GPI's cross-appeal was a discrete action separate and distinct from Lyddon's sanctioned appeal.

Finally, the conclusion that GPI is not entitled to the costs incurred in litigating its cross-appeal is further supported by the fact that GPI did not prevail on its claim. In the underlying action, this panel upheld the district court's decision denying GPI's request for Rule 11 sanctions. Because it was not a prevailing party, GPI is not entitled to its costs under 28 U.S.C. § 1912. Nor would it seem equitable to force Lyddon to cover expenses stemming from an unsuccessful appeal.

Thus, we hold that the district court erred in calculating Rule 38 sanctions on remand.

The first step in fashioning the proper award is to subtract the attorney's fees that GPI incurred in connection with the calculation of sanctions on remand. This is relatively straightforward. The time sheets provided by GPI indicate that GPI incurred $18,000 in attorney's fees on remand.[1]

The remaining $34,695 in attorney's fees must be reduced to reflect the fees that GPI incurred as a result of its cross-appeal. This is more difficult than the previous step because the attorney's fees attributable to GPI's cross-appeal and the attorney's fees incurred in response to Lyddon's appeal are not listed separately in GPI's time sheets. A review of the time sheets, however, reveals that a considerable amount of time was spent on the cross-appeal. We estimate that one-fourth of the legal work performed prior to award of sanctions on May 11, 1991, was devoted to GPI's cross-appeal. Accordingly, we conclude that GPI is entitled to $25,000 in attorney's fees.[2]

Having calculated the proper amount of attorney's fees, the third step is to determine how much in related damages GPI deserves. Lyddon argues that the $1,449.05 in related damages was incurred in connection with GPI's cross-appeal and therefore should be disallowed. We disagree. Instead, we find that approximately $523.65 should be subtracted from the total award. This includes $163.25 for filing the cross-appeal, $37.90 for filing the brief on cross-appeal, and $322.50 in Westlaw charges.[3]

In sum, we conclude that GPI is entitled to a total award of $26,493.40, comprised of $25,000 in attorney's fees, $568 in double costs[4], and $925.40 in related damages. The revised damage award is significantly smaller than the figure calculated by the district court. However, it is also closer in line with the majority of awards granted by the courts of appeals. See *State Industries, Inc.,* 948 F.2d at 1582 (award of $5,000); *Sun–Tek Industries v. Kennedy Sky-lites, Inc.,* 865 F.2d 1254 (Fed.Cir.1989) (award of $29,303.12 and costs); *Dohen–Ramirez v. Commodity Futures Trading Comm'n,* 846 F.2d 1200 (9th Cir.1988) (award of $10,157.68 and double costs).

**REVERSED.**

---

1. The $18,000 figure represents the attorney's fees incurred after May 14, 1991, the date this court imposed sanctions. This includes $15,425 in attorney's fees for the July–September 1991, October–December 1991, and January 1992 time periods listed by GPI. It also includes $2,763, which represents the attorney's fees for the April–June 1991 time period incurred after May 14, 1991.

2. We have chosen to estimate the amount of attorney's fees incurred in connection with GPI's cross-appeal rather than remand to the district court or accept additional submissions from the parties. It is standard practice for circuit courts to issue general awards under Rule 38 rather than engage in a detailed accounting. See *State Industries, Inc. v. Mor–Flo Industries, Inc.,* 948 F.2d 1573, 1581 (Fed.Cir.1991); *Schoffner v. C.I.R.,* 812 F.2d 292 (6th Cir.1987). This approach conserves resources, promotes uniformity, and prevents satellite litigation over the size of an award.

3. The $322.50 represents one-fourth of the requested Westlaw charges. This is appropriate given that approximately one-fourth of the time billed was devoted to the cross-appeal.

4. Lyddon does not challenge the $568 in double costs awarded by the district court and we see no reason to disturb this figure.