98 F.3d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerome BERG Esq., Appellant,
and
John Phillip SMITH, Plaintiff,
v.
Williams B. RICKS; Michael R. Nagel, MD; Jack Siegel, MD;
Thomas E. Murphy MD, et al., Defendants-Appellees.
 No. 95-16167.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1996.*
Decided Oct. 11, 1996.
 
 Before: GOODWIN, WALLACE and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After being terminated from the cardiology staff at Good Samaritan Hospital, Dr. John Smith filed a complaint in federal district court for antitrust conspiracy. The district court granted summary judgment to the hospital. The district court also imposed $2,000 in Rule 11 sanctions against Smith's attorney, Jerome Berg, for misconduct including failing to read the papers he filed with the court.
 
 
 3
 Smith appealed and the hospital asked for fees and costs under 42 U.S.C. § 11113 claiming the appeal was frivolous. The Ninth Circuit affirmed the district court. Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir.1994), cert. denied, 115 S.Ct. 1400 (1995). That panel agreed the appeal was frivolous and imposed Rule 38 sanctions against Berg, reasoning that Berg was responsible for the frivolous appeal and should bear the costs.
 
 
 4
 The previous panel has already addressed Berg's contentions that he was sanctioned in violation of General Order 10.9. The only remaining issue is whether the district court abused its discretion in calculating the amount awarded to defendants.
 
 
 5
 The district court referred the case to a federal magistrate judge who made a report and recommendation to the district court that $110,909.21 in fees and costs be awarded to defendants. This recommendation was "a concise but clear explanation of its reasons for the fee award," Hensley v. Eckerhart, 461 U.S. 424, 437 (1982), and was adopted by the district court. The district court is charged with determining the appropriate amount of fees and will not be reversed absent an abuse of discretion. Lyddon v. Geothermal Properties, Inc., 996 F.2d 212, 213 (9th Cir.1993).
 
 
 6
 As correctly pointed out by appellees, the arguments now raised that are pertinent to this appeal have been waived by Berg. Even if he had preserved them, we hold that the magistrate judge correctly determined the lodestar amount and reduced the fee award where charges were duplicative or inappropriate. The district court did not abuse its discretion by adopting the magistrate's recommendation.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3