104 F.3d 1147
 97 Cal. Daily Op. Serv. 314, 97 Daily Journal
D.A.R. 504
In re BISHOP, BALDWIN, REWALD, DILLINGHAM & WONG, INC., a
Hawai'i corporation, Debtor.
OFFICE OF THE U.S. TRUSTEE, Appellant,
v.
Thomas HAYES, Appellee.
In re BISHOP, BALDWIN, REWALD, DILLINGHAM & WONG, INC., a
Hawai'i corporation, Debtor.
OFFICE OF THE U.S. TRUSTEE, Appellant,
v.
Thomas HAYES; Reynaldo D. Graulty, Trustee, Chapter 7
Trustee; Honolulu Professional Services;
Bankruptcy Trustee, Appellees.
 Nos. 95-16119, 95-16776.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 4, 1996.
Decided Jan. 13, 1997.
 
 Kathleen Dunivin Schmitt, United States Department of Justice, Executive Office for United States Trustees, Washington, D.C., for the appellant.
 James F. Evers, Wagner, Watson & Pettit, Honolulu, Hawai'i, for appellees Graulty, as trustee, and Wagner, Watson & Pettit.
 Stanley E. Levin, Davis & Levin, Honolulu, Hawai'i, for appellee Graulty, individually.
 Louise K.Y. Ing, Alston, Hunt, Floyd & Ing, Honolulu, Hawai'i, for appellees Thomas Hayes and Honolulu Professional Services.
 Appeals from the United States District Court for the District of Hawai'i, Martin Pence, District Judge, Presiding. D.C. No. 83-00381-MP.
 Before: WALLACE, SCHROEDER, and ALARCON, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 The United States Trustee (U.S. Trustee) appeals from the district court's order overruling the objection to Reynaldo Graulty's final report as trustee for the Bishop Estate (Estate). The district court had jurisdiction under 28 U.S.C. § 157(d). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we vacate the district court's order and remand this case for 56 days for clarification.
 
 
 2
 During 1990-1992, Graulty was trustee for the Estate. Mary Louise Scheulin, as an employee of the Estate, oversaw its day-to-day operations during that time and incurred both salary and rent expenses. Scheulin was hired by the Estate's administrative controller, Thomas Hayes, whom Graulty hired with the district court's approval. Over the U.S. Trustee's objection, the district court, on May 26, 1995, approved Graulty's final report for the Estate. In that report, the Estate, and not Graulty, was responsible for Scheulin's expenses. The U.S. Trustee again objected that the workload of the Estate did not justify Scheulin's employment, and argued that someone else--presumably Graulty--should be responsible for Scheulin's expenses. The district court once more overruled the U.S. Trustee's objection on July 14, 1995.
 
 
 3
 We first must decide whether the U.S. Trustee waived any arguments that it did not specifically list in its "statement of issues." Bankruptcy Rule 8006 states in part: "[T]he appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Both Collier and Norton suggest that Rule 8006 exists to ensure the adequacy of the record, and does not affect the ability of any party to appeal findings or conclusions of the bankruptcy court. See 9 Collier on Bankruptcy 8006-10 (1996) ("[A]n appellant should not be precluded from urging contentions in the brief merely because they were not contained in the statement of issues, if, in fact, the appellee suffers no prejudice thereby."); Norton Bankruptcy Rules Pamphlet 594 (1996-97 ed.) ("The requirement of a statement of the issues is not intended to bind either party to the appeal as to the issues that are to be presented to the appellate court."). We hold that Bankruptcy Rule 8006 does not limit a party's ability to appeal from a bankruptcy court's judgment. This document, filed with the trial court clerk, does not impact upon issue statements required by the court of appeals. The two are separate in nature and distinct in result.
 
 
 4
 On the other hand, our case law on the preservation of issues from a district court's judgment also controls appeals from bankruptcy proceedings. Thus, we do not determine which issues are properly presented by the U.S. Trustee based upon Bankruptcy Rule 8006's required "statement of issues," but based upon our own rules of issue preservation. There has been no waiver by the U.S. Trustee.
 
 
 5
 However, we are not in a position to dispose of the issues properly before us; we cannot meaningfully review the Estate's expenses without clarification. As the U.S. Trustee illustrated at oral argument and in his briefs, the Bankruptcy Code and its Rules require extensive documentation for compensation. The district court may well have adequately considered the Code's requirements. But the order proposed by Graulty and signed by the district court on July 14, 1995, does not articulate this analysis. Both the final report and the order should have explicitly analyzed whether the Estate's costs were "actual" and "necessary" under 11 U.S.C. § 330, whether the costs were impermissible overhead under Sousa v. Miguel, 32 F.3d 1370 (9th Cir.1994), and whether the costs were appropriately documented under Bankruptcy Rule 2016.
 
 
 6
 Therefore, we remand this case to the district court for clarification. The final report and the order should also clearly articulate Graulty's compliance with any other relevant sections of the Bankruptcy Code and Rules, including 11 U.S.C. §§ 326-329 and Bankruptcy Rule 2014. Only then can we meaningfully review the Estate's expenses under the Bankruptcy Code and Rules.
 
 
 7
 Since we remand the case solely due to the failure of Graulty to prepare the final report adequately and due to omissions in the draft order he presented to the court, the district court shall not require the Estate to compensate Graulty for any work arising from this remand.
 
 
 8
 VACATED AND REMANDED.