In re TRANSCISCO INDUSTRIES, INC., a Delaware corporation, Debtor.

Roger A. Noback, Appellant,

v.

Transcisco Industries, Inc., Appellee.

No. 99–15679, 99–15781.

D.C. No. CV–96–04523–SI.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2001.*

Decided March 23, 2001.

Before REINHARDT, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

Roger A. Noback appeals the bankruptcy court's attorney fee award and the deni-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

al of his motion for sanctions and motion to file an enlarged motion for sanctions before the district court. We have jurisdiction, 28 U.S.C. § 158(d); 28 U.S.C. § 1291, and affirm for the reasons stated by the district court.

Noback contends that the bankruptcy court erred when it deviated from the lodestar approach in calculating his attorney's fees. We review a bankruptcy court's fee award for an abuse of discretion and a bankruptcy court's factual findings for clear error. *See Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 957 (9th Cir.1991). Although the lodestar approach is customary for attorney fee calculations, this court has held that it is not required in the bankruptcy context where it would "not realistically quantify to numerical precision" the fee award. *Id.* at 960 (quoting *In re Great Sweats, Inc.*, 113 B.R. 240, 244 (Bankr. E.D.Va.1990)). Because the record supports the bankruptcy court's determination that Noback's work was so "incompetent" and "grossly inefficient" as to render the lodestar approach useless, the bankruptcy court did not abuse its discretion when it deviated from the lodestar approach. *See id.* Further, our review of the record reveals that the bankruptcy court's fee award to Noback was generous indeed, and, regardless of the particular procedure used to determine the fee in this case, the amount would not exceed the $70,000 awarded.

Noback moves for sanctions against Transcisco for numerous so-called "false" assertions made in Transcisco's opening brief before the district court. We review a district court's denial of sanctions under Fed. R.App. P. 38 for an abuse of discretion. *See Lyddon v. Geothermal Properties, Inc.*, 996 F.2d 212, 213 (9th Cir.1993). After reviewing Noback's motion for sanctions before the district court,

we conclude that none of his claims has merit. Noback also contends that the district court erred when it denied as duplicative his 207–page motion to enlarge his motion for sanctions. The district court did not abuse its discretion because Noback's original motion for sanctions was utterly without merit and Noback's 207–page brief for an enlarged sanctions motion followed his filing of over 500 pages of other pleadings making the same or similar arguments.

Finally, Noback's motion for sanctions against Transcisco in this court is frivolous and is denied.

AFFIRMED.