In re Terri L. STEFFEN, Debtor.

Terri L. Steffen, Plaintiff,

v.

Steven M. Berman, Seth P. Traub, Jenay E. Iurato, Shumaker, Loop & Kendrick, LLP, and Douglas N. Menchise, Defendants.

Bankruptcy No. 8:01–09988–ALP. Adversary No. 8:09–ap–00153–ALP.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 21, 2009.

David E. Hammer, David E. Hammer PA, Lutz, FL, for Plaintiff.

Steven M. Berman, Shumaker, Loop & Kendrick, LLP, Tampa, FL, for Defendants.

### *ORDER ON MOTION TO DISMISS COMPLAINT WITH PREJUDICE AND ORDER ON IMPOSITION OF SANCTIONS* (DOC. NO. 6)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration is a Motion to Dismiss Complaint with Prejudice, filed by Steven M. Berman (Berman), Seth Traub, Jenay E. Iurato, Shumaker, Loop & Kendrick, LLP, and Douglas N. Menchise (Menchise) (the Defendants) on April 10, 2009 (Doc. No. 6). The Defendants seek to dismiss the Complaint filed by Terri Steffen (the Debtor) against the Trustee, individually, and against his attorneys, in the Circuit Court for Lee County, Florida. (Lee County). It should be noted at the outset that none of the Defendants have ever lived or owned property in Lee County nor have they operated a business in Lee County, Florida, and this Court is not aware of the Debtor having any known nexus with Lee County, Florida.

The Defendants promptly removed the entire Lee County action styled as *Terri L. Steffen v. Steven M. Berman, et. al.,* Case. No.: 09–ca–000909, to the Tampa Division of the Middle District of Florida Bankruptcy Court (Tampa Division) where the Debtor's original Chapter 11 case was filed in 2001, was converted to a case under Chapter 7 of the Bankruptcy Code on December 19, 2007, and is still pending before this Court. All Defendants, with the exception of Berman who is currently residing in San Diego, California, reside in the jurisdiction of the Tampa Division of the Court. The Defendant, Menchise, is the duly appointed and acting Chapter 7 Trustee of the Debtor's estate. Berman and his law firm, Shumaker, Loop & Kendrick, LLP, are the duly appointed attorneys representing the Chapter 7 Trustee.

The Defendants filed their Notice of Removal on March 24, 2009. The Defendants filed their Motion to Dismiss the Complaint with Prejudice on April 10, 2009, and the hearing on the Motion was set for April 23, 2009. At 1:08 am on the morning of the scheduled hearing on the Defendants' Motion to Dismiss, the Debtor filed a Notice of Voluntary Dismissal without Prejudice. In her Notice of Dismissal, the Debtor did not state the basis for either filing her lawsuit or for her voluntary dismissal of the same.

■ It is without dispute that the Debtor has the right to dismiss her lawsuit by merely filing a notice of dismissal pursuant to Fed.R.Civ.P. 41 as adopted by Fed. R. Bankr.P. 7041(a)(1). Rule 7041(a)(1) provides in pertinent part that, "a plaintiff may dismiss an action without court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; . . . ." It cannot be gainsaid that Debtor's counsel's motivation to file a lawsuit in an improper venue coupled with the timing of the filing of the Debtor's Notice of Voluntary Dismissal on the very day the Defendants' Motion to Dismiss the Complaint with Prejudice was scheduled to be heard, does not leave much for one's imagination. Be that as it may and as noted above, the Debtor in fact filed her Notice of Voluntary Dismissal without Prejudice on April 23, 2009, thus the Defendants' Motion to Dismiss should be denied as moot.

This leaves for this Court's consideration whether or not this Court may still consider the prayer for relief pled by the Defendants in their Motion to Dismiss. The Defendants seek dismissal of the Complaint with prejudice. The Defen-

dants in their Motion contend that the Debtor's Complaint fails to state a claim upon which relief can be granted and, therefore, their Motion should be granted. Moreover, the Defendants request from this Court an award of costs and fees associated with the filing and prosecution of the Motion to Dismiss and for all other (unspecified) relief to which the Defendants are entitled at law or in equity. As pled, the Motion fails to state any specific basis for the award of costs and fees. The Defendants merely seek the award of costs and fees based on the law of equity. This Court is unaware of any power to award sanctions unless the pleading clearly specifies the legal ground for which the award of fees and costs as sanctions may be imposed.

■■■ Under the American Rule litigants are not entitled to attorneys fees and costs if they are successful in defeating the lawsuit unless they can establish specific grounds for which relief may be granted (i.e., Fed.R.Civ.P. 11 as adopted by Fed. R. Bankr.P. 9011). First, the record is clear that the Defendants served a Rule 9011 Motion on David E. Hammer, Esquire (Hammer). Additionally, the record is equally clear that the Rule 9011 Motion, although appropriately served, did not season properly and, therefore, the twenty-one day "safe harbor" provision was not violated. However, the Court notes that although the Complaint was voluntarily dismissed, Hammer argued that the dismissal is without prejudice, thereby allowing the Debtor to seek leave of this Court to file an action against the Trustee and his professionals, if deemed appropriate, because the action is meritorious. Therefore, this Court is satisfied that Hammer believes that he is justified in filing the Complaint. Further, Hammer has waived the "safe harbor" provision by arguing strongly in opposition to the Mo-

tion to Dismiss Complaint with Prejudice. However, because there was no formal complaint filed in this Court, there is no basis for this Court to award sanctions against Hammer and/or the Debtor pursuant to Rule 9011.

■■■ This leaves for consideration whether or not this Court, on its own initiative, has the power to impose sanctions pursuant to the inherit power of the Court to do so. The use of inherent power was reviewed by the Supreme Court in the case of *In re Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), where it addressed the nature and scope of the federal court's inherent power and concluded that the incidental powers of the federal court include power to control admission to its bar, punish parties for contempt, vacate its own judgments upon proof that fraud has been perpetrated upon the court, bar disruptive criminal defendants from the courtroom, dismiss actions on the grounds of forum *non conveniens,* act *sua sponte* to dismiss suits for failure to prosecute, and assess attorney fees against counsel. *Chambers,* 501 U.S. at 43–44, 111 S.Ct. at 2132–33, 115 L.Ed.2d at 44–45. However, because of their potent nature, "inherent powers must be exercised with restraint and discretion." *Id.,* 501 U.S. at 42–43, 111 S.Ct. at 2131–32, 115 L.Ed.2d at 45 (citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488, 499–500 (1980)). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* For example, circumstances which may dictate the exercise of inherent power to assess attorney's fees against counsel, include those where a party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (citations omitted). The imposition of sanctions in that circumstance "transcends

a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.' " *Id.,* 501 U.S. at 46, 111 S.Ct. at 2133, 115 L.Ed.2d at 46 (citation omitted).

 The fact that rules such as Fed. R.Civ.P. 11 or Fed. R. Bankr.P. 9011 have been promulgated by Congress does not displace a court's inherent power to impose sanctions for a party's bad faith conduct. *See id.,* 501 U.S. at 46, 111 S.Ct. at 2133, 115 L.Ed.2d at 46; *Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc.,* 57 F.3d 1215, 1224 (3rd Cir.1995). Certainly, the "inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct," *Chambers,* 501 U.S. at 49, 111 S.Ct. at 2135, 115 L.Ed.2d at 47, for these rules are not substitutes for the inherent power. *Id.,* 501 U.S. at 46, 111 S.Ct. at 2133, 115 L.Ed.2d at 46. The inherent power to sanction is both broader and narrower than these other means of imposing sanctions: "[W]hereas each of the other mechanisms reaches only certain individuals or conduct, the inherent power extends to a full range of litigation abuses." *Id.* Therefore, although certain conduct may or may not be violative of Fed.R.Civ.P. 11 or Fed. R. Bankr.P. 9011, it does not necessarily mean that a party will escape sanctions under the court's inherent power. *See id.,* 501 U.S. at 49, 111 S.Ct. at 2135, 115 L.Ed.2d at 48; *Charter,* 57 F.3d at 1224 ("Moreover, we have previously rejected the proposition 'that once a claim is held not to violate Rule 11, the court is prevented from imposing sanctions under its inherent power.' ") (quoting *Gillette Foods Inc. v. Bayernwald–Fruchteverwertung,* 977 F.2d 809, 813 (3rd Cir.1992)).

 It is without dispute that in the present instance the Debtor filed the Complaint in Lee County, Florida, which is clearly the improper venue. In addition to the foregoing, the Debtor filed her Complaint naming the Trustee and his professionals without obtaining leave from this Court. For over 125 years, the United States Supreme Court has barred suits against a trustee in a non-appointing court for acts within a trustee's official capacity if brought without the appointing court's prior permission. *Barton v. Barbour,* 104 U.S. 126, 128, 26 L.Ed. 672 (1881). The *Barton* doctrine extends to agents of the trustee, including a trustee's attorneys, who are "the functional equivalent of a trustee, where . . . they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets." *In re DeLorean Motor Co.,* 991 F.2d 1236, 1241 (6th Cir.1993); see also Carter, 220 F.3d at 1252.

> The policy behind the leave of court requirement was cited and adopted by the Eleventh Circuit when it held: If [the trustee] is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded. . . . Without the requirement [of leave], trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive. . . . Furthermore, requiring that leave to sue be sought enables bankruptcy judges to monitor the work of the trustees more effectively.

*Carter* 220 F.3d at 1252–53 (quoting *In re Linton,* 136 F.3d 544, 545 (7th Cir.1998)).

It is well-settled law in the Eleventh Circuit that a debtor must obtain leave of the Bankruptcy Court before initiating an action against the trustee or other bankruptcy-court-appointed officer for acts done in the actor's official capacity. *See Carter v. Rodgers,* 220 F.3d 1249, 1252 (11th Cir. 2000).

 This Court is constrained to reject the lame defense of Hammer that his failure to seek leave to file suit against the Defendants was due to his own ignorance of the *Barton* doctrine. This Court notes that an elementary requirement prior to filing a suit against a party is that the filer needs to determine whether or not he or she has the right to sue the party, especially a court-appointed Trustee, and his court-approved attorneys. Then the filer must determine whether prior authorization by the court of competent jurisdiction is required.

In sum, Hammer filed the lawsuit against the Defendants in the Lee County State Court, which was the improper venue to file such a lawsuit, and also filed a second lawsuit in Miami Dade Circuit Court styled as *Terri L. Steffen v. Kevin F. Kline; Kline, Moore & Kline, PA; Ernest B. Haire, III; Gerald M. Nelson; Nelson Bisconti Thompson & McClain, LLC; and Douglas N. Menchise; and Mary Apostolakos Hervey,* which was removed to the United States Bankruptcy Court, Southern District of Florida, Adv. Pro. 09–01279–LMI. This behavior by Hammer, without first seeking prior leave from this Court, is outrageous. The Defendants' prayer for relief in their Motion to Dismiss does not specify upon whom the relief sought should be imposed. This Court notes that it is clear that the prime mover of this improper conduct was Hammer and, therefore, this Court's imposition of sanctions against Hammer is appropriate. Furthermore, the Court is satisfied that the Debtor, who is responsible for the actions of her attorney, is also subject to imposition of sanctions. Thus, this Court finds sanctions against the Debtor are also appropriate.

The Defendants also seek injunctive relief prohibiting Hammer and/or the Debtor from filing a lawsuit against the Trustee, and the attorneys representing the Trustee, without prior order authorizing such action. Although no specific formal request was made by the Defendants in their Motion to Dismiss to bar any further action by Hammer or the Debtor, this Court is satisfied that it would be appropriate to bar Hammer, the Debtor, or anyone representing the Debtor, from filing any lawsuit against the Trustee, and/or any attorneys representing the Trustee, without first seeking leave of this Court.

Based on the foregoing, this Court finds that it is appropriate, pursuant to its inherit powers, to impose sanctions against David E. Hammer, Esquire and Terri L. Steffen, jointly and severally, in the amount of $5,310.50, for their continual obstructive, defiant and inappropriate behavior in this Court, their unethical use of the legal system, and for their frivolous pleadings and papers filed against the Trustee and others in this Court and in courts lacking jurisdiction over the Defendants.

Accordingly, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Motion to Dismiss Complaint with Prejudice (Doc. No. 6) be, and the same is hereby denied as moot. It is further

**ORDERED, ADJUDGED, AND DECREED** that sanctions in the sum of $5,310.50 be, and the same are hereby, imposed against David E. Hammer, Esquire and against Terri L. Steffen, jointly and severally. It is further

**ORDERED, ADJUDGED, AND DE-CREED** that the sum of $5,310.50 is to be paid to Steven M. Berman, Esquire, and Seth R. Traub, Esquire, as compensation for the expenses and time expended representing the Trustee for the Estate in this matter within twenty (20) days from the entry of this Order. It is further

**ORDERED, ADJUDGED, AND DE-CREED** that David E. Hammer, Esquire, Terri L. Steffen, or any other person or entity acting at his or her directions, are hereby barred from filing any action against the Trustee or his Counsel, without the express, prior, written authorization obtained from this Court following an appropriate motion or request for such authorization, served upon the Trustee and his Counsel and heard or otherwise considered by this Court.

**DONE AND ORDERED.**