MEMORANDUM **
Linda Koncicky appeals pro se from the judgment of the Bankruptcy Appellate Panel (“BAP”) affirming the bankruptcy court’s order approving the trustee’s final report and applications for administrative expenses, and from the BAP’s order awarding the trustee appellate attorneys’ fees. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review for an abuse of discretion the bankruptcy court’s approval of administrative expenses, In re Nucorp Energy, Inc., 764 F.2d 655, 657 (9th Cir.1985), and the BAP’s award of attorneys’ fees, Lyddon v. Geothermal Props., 996 F.2d 212, 213 (9th Cir.1993). We vacate and remand.
The trustee’s attorneys and accountant who received disputed administrative expenses are proper appellees, contrary to Koncieky’s contention. Cf. Class Plaintiffs v. Seattle, 955 F.2d 1268, 1277 (9th Cir.1992) (concluding that a nonparty directly aggrieved by a judgment has standing to initiate an appeal without intervening).
We note the gross disparity between the amount of debt and the administrative expenses. Koncicky disputes whether particular administrative expenses were reasonable, necessary, and beneficial to the administration of the estate, and thus com-pensable, including whether the trustee’s attorneys should be compensated for time spent on matters before the state Bar and on avoidance of a disputed lien. See 11 U.S.C. § 330(a) (providing that the bankruptcy court may award “reasonable compensation for actual, necessary services rendered” and that, in determining the amount of reasonable compensation, the court shall consider whether the services *318 were necessary and beneficial). Koncicky also raises the issue of whether the trustee’s compensation should be based upon the amount of the single claim that was administered or the amount of the full administrative expenses. See 11 U.S.C. § 326(a) (limiting the compensation of a trustee to a percentage of “all moneys disbursed or turned over in the case by the trustee to parties in interest”); Balistreri v. Pacifica Police Dep’t, 901 F.2d 696, 699 (9th Cir.1988) (“pro se pleadings are liberally construed”).
We do not reach the question of whether the bankruptcy court abused its discretion by approving the expenses, but we vacate and remand for limited review of the three objections identified: 1) whether time spent on state Bar matters is compensable under section 330; 2) whether time spent on avoiding the disputed lien is compensable under section 330; and 3) the proper amount of the trustee’s compensation under section 326. See Office of the U.S. Trustee v. Hayes (In re Bishop, Baldwin, Rewald, Dillingham & Wong, Inc.), 104 F.3d 1147, 1148 (9th Cir.1997) (per curiam) (remanding for further consideration of expense request where district court failed to make specific findings as to whether expenses were warranted under § 330). Therefore, we vacate the BAP order affirming the bankruptcy court’s order.
Because Koncicky’s appeal to the BAP raised non-frivolous objections to the approval of expenses, the BAP abused its discretion by imposing fees for frivolousness, and we vacate that award. See Lyddon, 996 F.2d at 213 (reviewing for abuse of discretion fee award imposed under Fed. R.App. P. 38).
The parties shall bear them own costs on this appeal.
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.