NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NV-18-1183-BKuTa |
| JOHN BADEA, | Bk. No. 2:15-bk-10638-GS |
| Debtor. | |
| JOHN BADEA, | |
| Appellant, | |
| v. | MEMORANDUM* |
| LENARD SCHWARTZER, Chapter 7 Trustee, | |
| Appellee. | |

Argued and Submitted on February 21, 2019
at Las Vegas, Nevada

Filed – March 5, 2019

Appeal from the United States Bankruptcy Court
for the District of Nevada

---

  * This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Gary A. Spraker, Bankruptcy Judge, Presiding

---

Appearances:     Appellant John Badea argued pro se; James Imes of Schwartzer & McPherson Law Firm argued for Appellee Lenard Schwartzer, Chapter 7 Trustee.

---

Before:     BRAND, KURTZ and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Appellant John Badea appeals an order awarding the chapter 7 trustee, Lenard E. Schwartzer ("Trustee"), $4,581.50 in attorney's fees as a compensatory sanction for Badea's violation of the *Barton* doctrine. We AFFIRM in part and VACATE and REMAND in part.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.     Events leading to the subject motion

Badea filed his chapter 7 bankruptcy case on February 12, 2015. After a trial on a dischargeability complaint filed by creditors, the court denied Badea's discharge under § 727(a)(2)(A)[1] and (a)(4)(A). The BAP affirmed the § 727 judgment and denied Badea's request for rehearing.

One reason for denial of Badea's discharge was his fraudulent transfer of his condominium to his brother George shortly before the

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

petition date. When Trustee attempted to recover the condominium for the benefit of the bankruptcy estate, Badea engaged in a series of additional transfers of the property. Voiding and unwinding these additional transfers required litigation. Once Trustee recovered possession of the condominium, he discovered that Badea had leased it to a third party and was collecting rent without authorization from Trustee.

During Trustee's efforts to sell the condominium, Badea filed a complaint against Trustee and Trustee's investigator in the Nevada state court on January 2, 2018 ("State Court Complaint"). Badea alleged that Trustee had taken the condominium by "fraud and deception," and that he had breached his fiduciary duty. Badea sought compensatory damages directly from Trustee (and his investigator), as well as punitive damages. Badea did not seek or obtain authority from the bankruptcy court prior to filing the State Court Complaint.

Badea did not serve the State Court Complaint and summons on Trustee; rather, he handed Trustee a copy of the complaint during an unrelated hearing at the bankruptcy court. Later that same day, Trustee sent Badea a letter informing him of the *Barton* doctrine and demanding that he dismiss the State Court Complaint within five business days. If Badea refused to do so, Trustee would seek sanctions from the bankruptcy court. Badea did not dismiss the complaint.

A few weeks later, Trustee questioned Badea about the State Court

Complaint and Trustee's letter at a Rule 2004 examination. Badea acknowledged that he had received the letter, said he understood it, and said that he had not yet dismissed the State Court Complaint and did not intend to do so.

Another two months later, Trustee sent a second letter to Badea demanding dismissal of the State Court Complaint. Trustee warned that if Badea did not file the dismissal by April 2, he would move for an order to dismiss it and for sanctions of attorney's fees.

**B.    Trustee's motion for dismissal of the State Court Complaint and for sanctions**

When Badea failed to dismiss the State Court Complaint by the April 2 deadline, Trustee filed his Motion for Order Dismissing State Court Complaint and for Sanctions ("Dismissal and Sanctions Motion"). Trustee maintained that, because the actions about which Badea complained were actions taken in his and his investigator's official capacities, the *Barton* doctrine required Badea to obtain bankruptcy court approval prior to filing the State Court Complaint. Trustee argued that Badea should be sanctioned for his *Barton* violation in the form of attorney's fees incurred for the motion. Trustee argued that Badea's refusal to dismiss the State Court Complaint after he was notified of the *Barton* doctrine was an additional basis for sanctions.

Alternatively, Trustee argued that he and his investigator were

4

entitled to quasi-judicial immunity for the acts Badea alleged resulted in injury. Trustee maintained that all actions he and his investigator took to obtain title to the condominium were pursuant to bankruptcy court orders. Trustee disputed any breach of fiduciary duty claim; neither he nor his investigator had any such duty to Badea, a debtor with a non-surplus case.

Badea opposed the Dismissal and Sanctions Motion. He argued that, because he had not served Trustee and his investigator with the summons and State Court Complaint within the 120 days required by Nevada law, the complaint was going to be dismissed; thus, he did not need to dismiss it. Badea also argued that the claims raised in the State Court Complaint — breach of fiduciary duty and actions taken outside the scope of a bankruptcy trustee's authority — were not protected by quasi-judicial immunity. Badea argued that Trustee had failed to discharge his duties by (1) failing to notify the bankruptcy court of the purchase agreement between Badea and George for the condominium, (2) obtaining fraudulent transfer judgments against George and Nina Sarau by improper service of process, and (3) making sworn false statements against Badea's interest.

At the hearing on the Dismissal and Sanctions Motion, the bankruptcy court ruled that the actions Badea complained about in his State Court Complaint were within the scope of Trustee's administrative duties, that Badea's failure to obtain leave from the bankruptcy court before filing the State Court Complaint violated the *Barton* doctrine, and that

5

Badea's conduct warranted sanctions. The court's written order (the "Dismissal and Sanctions Order") provided that (1) Badea had 14 days to dismiss the State Court Complaint, (2) that he was ordered to pay Trustee compensatory sanctions of attorney's fees and costs incurred for the motion, and (3) that within 14 days Trustee would submit an affidavit of attorney's fees and costs, along with a proposed order for the amount of compensatory sanctions awarded.

Trustee timely submitted his affidavit requesting $4,581.50 in attorney's fees for prosecuting the Dismissal and Sanctions Motion. One week later, the bankruptcy court entered an order awarding Trustee his attorney's fees in the requested amount of $4,581.50 ("Fee Order"). Badea timely appealed the Fee Order.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We discuss our jurisdiction below.

## III. ISSUES

1. Do we have jurisdiction to review the Dismissal and Sanctions Order even though Badea did not appeal it?

2. Did the bankruptcy court err in determining that Badea violated the *Barton* doctrine or abuse its discretion in sanctioning him under its inherent authority for that violation?

3. Did the bankruptcy court abuse its discretion in entering the Fee

Order when Badea was not given a meaningful opportunity to object?

## IV. STANDARDS OF REVIEW

We review our jurisdiction de novo. *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677 (9th Cir. BAP 2014).

"We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error." *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002).

The bankruptcy court's award of sanctions and the amount of the award are reviewed for abuse of discretion. *B.K.B. v. Maui Police Dep't.*, 276 F.3d 1091, 1106 (9th Cir. 2002) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991)). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are clearly erroneous. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

Whether a party's due process rights were violated is a question of law we review de novo. *Miller v. Cardinale (In re Deville)*, 280 B.R. 483, 492 (9th Cir. BAP 2002).

## V. DISCUSSION

A.     **We have jurisdiction to review the Dismissal and Sanctions Order.**

Before we address the merits of the Fee Order, we must first determine whether we have jurisdiction over the Dismissal and Sanctions Order, which was not appealed but Badea contests. Badea argues that the

7

bankruptcy court erred in finding that he violated the *Barton* doctrine and sanctioning him for that violation. Trustee contends that Badea should not be allowed to brief and argue these issues because they were not presented in his statement of issues on appeal and were therefore waived. In *Wages v. J.P. Morgan Chase, N.A. (In re Wages)*, 508 B.R. 161, 164 (9th Cir. BAP 2014), we recognized the Ninth Circuit's holding in *Office of the U.S. Trustee v. Hayes (In re Bishop, Baldwin, Rewald, Dillingham & Wong, Inc.)*, 104 F.3d 1147, 1148 (9th Cir. 1997), that arguments not specifically listed in a statement of issues are not waived.

In any case, the question is whether Badea can dispute the court's ruling in the Dismissal and Sanctions Order when he did not appeal it. Trustee does not address this in his brief but, rather, presents argument supporting the court's ruling. We conclude that the Dismissal and Sanctions Order is properly before us, because it was not final until the Fee Order assessing the amount of the sanction was fixed. *See Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*, 873 F.2d 1327, 1329 (9th Cir. 1989) ("An order 'finding appellant liable for attorney's fees and costs but without determining the specific amount of that award is not a final and appealable order.'") (quoting *Gates v. Cent. States Teamsters Pension Fund*, 788 F.2d 1341, 1343 (8th Cir. 1986) (holding that district court's order imposing sanctions but not setting an amount was not a final or appealable order)); *Pioneer Lumber Treating, Inc. v. Cty. of Haw.*, 940 F.2d 669 (9th Cir.

1991) (unpublished table case) (citing *Jensen Electric* and dismissing appeal of interlocutory order imposing sanctions but not fixing the amount). *See also Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1483 (9th Cir. 1996) (holding that order stating that court would award attorney fees and costs was not a final, appealable order where the amount had yet to be determined and the court had requested further submissions from both parties to aid that determination).

The interlocutory Dismissal and Sanctions Order, which imposed sanctions but did not fix the amount, did not become final and appealable until the Fee Order was entered. Once that occurred, the Dismissal and Sanctions Order merged into the Fee Order and could be challenged on appeal. *See United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, Cal.*, 545 F.3d 1134, 1141 (9th Cir. 2008) (interlocutory orders entered prior to the judgment merge into the judgment and may be challenged on appeal). This is true even though the Dismissal and Sanctions Order was not designated in Badea's notice of appeal. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 872 n.7 (9th Cir. 2004) (appeal of final judgment draws into question all earlier, non-final orders and rulings which produced the judgment).

Accordingly, we have jurisdiction under 28 U.S.C. § 158(a)(1) to review the Dismissal and Sanctions Order and Badea's related arguments. / / / /

**B.** **The bankruptcy court did not err in determining that Badea violated the *Barton* doctrine or abuse its discretion in sanctioning him under its inherent authority for that violation.**

**1.** **Badea violated the *Barton* doctrine.**

For nearly 140 years, the United States Supreme Court has barred suits against a court-appointed receiver in a non-appointing court for acts within the receiver's official capacity if brought without the appointing court's prior permission. *Barton v. Barbour,* 104 U.S. 126, 128 (1881). The Ninth Circuit has extended the *Barton* doctrine to bankruptcy trustees and their professionals. *Beck v. Fort James Corp. (In re Crown Vantage, Inc.),* 421 F.3d 963, 970-71 (9th Cir. 2005) ("We join our sister circuits in holding that a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity.").

Although not addressed by the bankruptcy court, quasi-judicial immunity protected Trustee and his investigator against Badea's claims. Trustee's efforts to recover and sell the condominium, which are the acts about which Badea complains, were within the scope of Trustee's and his investigator's official duties and were carried out with bankruptcy court approval. *See Lonneker Farms, Inc. v. Klobucher,* 804 F.2d 1096, 1097 (9th Cir. 1986) (a trustee or an official acting under the authority of the bankruptcy

10

judge is entitled to derived judicial immunity because he is performing an integral part of the judicial process); *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 883-84 (9th Cir. BAP 1995).

The *Barton* doctrine also applied. The bankruptcy court determined that the actions Badea raised in his State Court Complaint — Trustee's alleged wrongful taking of the condominium and his alleged breach of fiduciary duty in carrying out the administration of the estate relating to the condominium — fell squarely within the *Barton* doctrine. Therefore, Badea was required to get prior approval from the bankruptcy court before filing the State Court Complaint in the Nevada state court.

Badea maintains that simply filing the State Court Complaint, but not serving it, did not violate the *Barton* doctrine. Badea fails to cite any authority that only filing a violative complaint but not serving it does not violate the *Barton* doctrine. "The essence of the *Barton* doctrine is that parties may not **commence** or maintain unauthorized litigation." *In re Crown Vantage, Inc.*, 421 F.3d at 976 (emphasis added). Similar to Rule 3 of the Federal Rules of Civil Procedure, applicable in bankruptcy courts by Rule 7003, Rule 3 of the Nevada Rules of Civil Procedure provides:  "A civil action is **commenced by filing a complaint** with the court." (Emphasis added). Thus, filing a complaint without serving it is enough to violate the *Barton* doctrine.

Badea's claims in his State Court Complaint required leave from the

bankruptcy court.[2] *In re Crown Vantage, Inc.*, 421 F.3d at 972 (liquidating assets of the estate is precisely the type of activity the *Barton* doctrine was designed to protect); *In re Kashani*, 190 B.R. at 884-85 (debtors had to obtain leave from the bankruptcy court for suit in non-appointing court alleging trustee's breach of fiduciary duty in the administration of the estate). The Nevada state court was an improper venue for Badea's complaint, which named Trustee and his investigator for acts done within their official capacities, and Badea did not obtain leave from the bankruptcy court to file it. The bankruptcy court correctly held that Badea's filing of the State Court Complaint violated the *Barton* doctrine.

## 2. Sanctioning Badea for his violation of the *Barton* doctrine was appropriate.

Sanctions are an appropriate remedy for a violation of the *Barton* doctrine. *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1241-42 (6th Cir. 1993) (trustee entitled to recover actual damages, including costs and attorney's fees incurred as a result of the filing of the *Barton* violating suit to include the filing of trustee's complaint with the bankruptcy court); *Ace Ins. Co. v. Smith (In re BCE West, L.P.)*, 2006 WL 8422206, at *8 (D. Ariz. Sept. 20, 2006); *In re Sea Hawaii Rafting Co.*, 2018 WL

---

[2] It does not appear, and Badea has never alleged, that the narrow exception to the *Barton* doctrine applies here. *See* 28 U.S.C. § 959(a) (excepting from the *Barton* doctrine a trustee's "acts or transactions" in carrying on the debtor's business operations); *In re Crown Vantage, Inc.*, 421 F.3d at 971-72.

12

2422388, at *7 (Bankr. D. Haw. May 21, 2018); *Steffen v. Berman (In re Steffen)*, 406 B.R. 148, 153 (Bankr. M.D. Fla. 2009) (imposing damages for violation of *Barton* doctrine after noting the "elementary requirement prior to filing a suit against a party is that the filer needs to determine whether or not he or she has the right to sue the party, especially a court-appointed Trustee, and his court-approved attorneys").

Badea contends that the bankruptcy court should not have imposed sanctions because he was ignorant of the *Barton* doctrine. Ignorance of the *Barton* doctrine is no excuse for violating it. *In re Sea Hawaii Rafting Co.*, 2018 WL 2422388, at *7; *In re Steffen*, 406 B.R. at 153. Even if ignorance of the law could provide a defense against sanctions here, Badea's actions negate his alleged ignorance. Trustee warned Badea about the *Barton* doctrine's existence and gave him several opportunities to dismiss the State Court Complaint before seeking sanctions. Trustee sent his first letter to Badea on January 22, 2018, giving him five business days to dismiss it. He did not. Badea was warned again at his Rule 2004 examination on February 8, but he insisted that he was not dismissing the offending complaint. Trustee sent Badea a second letter on March 29, notifying him of the *Barton* doctrine violation and of his intent to seek sanctions if Badea failed to dismiss the State Court Complaint by April 2. Badea ignored the warning. He did not dismiss the State Court Complaint until after Trustee filed the Dismissal and Sanctions Motion and the court orally ordered dismissal. By that time,

13

the damage had been done, costing the estate significant attorney's fees.

Badea also argues that because the State Court Complaint was not served within the 120 days as required, it was already "legally terminated," so he should not have been sanctioned for something that had already been dismissed. The bankruptcy court correctly rejected this argument, noting that the case was still active regardless of Badea's failure to serve the complaint within the required time period; he had to take some affirmative action to dismiss it. Badea's eventual dismissal did not negate the fact that his own actions necessitated Trustee's motion. His eventual compliance with the Dismissal and Sanctions Order simply protected him from an additional sanction of civil contempt.

The bankruptcy court sanctioned Badea in the form of attorney's fees for his violation of the *Barton* doctrine and willful failure to dismiss the State Court Complaint. To do so, the court relied on its inherent authority. A bankruptcy court's inherent sanction authority is recognized under § 105(a). *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 284 (9th Cir. 1996). Under that authority, the bankruptcy court may sanction a "broad range" of conduct. *Lindblade v. Knupfer (In re Dyer)*, 322 F.3d 1178, 1196 (9th Cir. 2003). Sanctionable conduct includes improper litigation tactics (e.g., delaying or disrupting litigation), bad faith, vexatious or wanton conduct, willful abuses of judicial process, or acting for oppressive reasons. *Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001). In

14

this context, bad faith or willful misconduct consists of something more egregious than mere negligence or recklessness." *In re Dyer*, 322 F.3d at 1196. Sanctions under a court's inherent authority may include the assessment of attorney's fees, but "the court can shift only those attorney's fees incurred because of the misconduct at issue." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017); *Chambers*, 501 U.S. at 45.

Before imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct. *In re Dyer*, 322 F.3d at 1196. "[S]pecific intent or other conduct in 'bad faith or conduct tantamount to bad faith,' is necessary to impose sanctions under the bankruptcy court's inherent power." *Id.* (internal citation omitted). While the bankruptcy court did not utter the words "bad faith," it did make explicit findings of fact as to Badea's conduct tantamount to bad faith, finding (1) that he had been given multiple opportunities to dismiss the offending complaint and, yet, chose not to do so, and (2) that his obstinance required Trustee to take action to remedy the situation, which cost the estate money. Furthermore, it is obvious that Badea would not have dismissed the State Court Complaint had Trustee not filed the Dismissal and Sanctions Motion. We perceive no abuse of the bankruptcy court's discretion to impose compensatory sanctions.

////

////

**C.** **The bankruptcy court erred when it assessed the amount of attorney's fees without giving Badea an opportunity to object.**

Although the imposition of sanctions is supported by the record, the amount of the sanction is not. Badea contends that the bankruptcy court erred by not affording him an opportunity to object to the amount of attorney's fees awarded to Trustee, and further erred by not making any finding that the fees were reasonable. We agree.

Due process requires notice and an opportunity to be heard before a court imposes sanctions. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). Badea was given sufficient, advance notice of his alleged bad faith and what conduct was alleged to be sanctionable, and he presented his defense to those allegations. However, Badea was not given a meaningful opportunity to object to the reasonableness of the fees before the court entered the Fee Order. He was not served with a copy of Trustee's fee affidavit, no procedure for objection was set forth in the Dismissal and Sanctions Order, and no local rule appears to establish a procedure in such cases either. At the hearing on the Dismissal and Sanctions Motion, the bankruptcy court told Badea that he would have an opportunity to object to the reasonableness of the attorney's fees, but that was for another day. Unfortunately, that day never came.

While a hearing was probably not required to determine the amount of the sanction, as Badea suggests, due process required that he be

"provided a procedure for opposing the reasonableness and calculation of the sanction based upon attorney fees incurred." *Nicole Energy Mktg., Inc. v. McClatchey (In re Nicole Energy Servs., Inc.)*, 2007 WL 328608, at *4 (6th Cir. BAP Feb. 1, 2007). *See United States v. Asay*, 614 F.2d 655, 658 (9th Cir. 1980) (awarding expenses for contempt after contemnor had an opportunity to object to the reasonableness of the amount of expenses requested); *Orton v. Kayne (In re Kayne)*, 453 B.R. 372, 385 (9th Cir. BAP 2011) (awarding fees and costs to trustee after sanctioned party had an opportunity to respond to trustee's amount of requested fees and costs for prosecuting sanctions motion). In addition, the bankruptcy court made no findings to support that the fees were reasonable. Accordingly, because no such procedure was provided, we must VACATE and REMAND the Fee Order.

## VI. CONCLUSION

For the reasons stated above, we AFFIRM the Dismissal and Sanctions Order. However, we VACATE and REMAND the Fee Order so that Badea can be given a meaningful opportunity to object (or not) to the amount of Trustee's requested fees.

17