ORDERED PUBLISHED

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   NC-14-1052-PaJuKu |
| ) | |
| GIGI ELLIS, ) | Bk. No.   13-32612 |
| ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| GIGI ELLIS, ) | |
| ) | |
| Appellant, ) | |
| ) **O P I N I O N** | |
| v. ) | |
| ) | |
| JUNYING YU, ) | |
| ) | |
| Appellee.[1] ) | |
| _____ ) | |

Argued and Submitted on October 23, 2014
at San Francisco, California

Filed - November 19, 2014

Appeal from the United States Bankruptcy Court
for the Northern District of California

Hon. Hannah L. Blumenstiel, U.S. Bankruptcy Judge, Presiding[2]

_____

Appearances:   George S. Wynns argued for appellant Gigi Ellis.

Before:  PAPPAS, JURY, AND KURTZ, Bankruptcy Judges.

_____

[1]   Appellee Junying Yu did not file a brief or appear in this appeal.

[2]   Judge Blumenstiel presided at the hearing and entered the order reviewed in this appeal.  However, Judge Dennis Montali is the presiding bankruptcy judge in the case and later entered a decision and order denying Appellant's request for a stay pending appeal.

PAPPAS, Bankruptcy Judge:

Chapter 7[3] debtor Gigi Ellis ("Ellis") appeals the order of the bankruptcy court granting Junying Yu's ("Yu") motion for relief from the automatic stay under §§ 362(d)(1) and (2), and granting in rem relief pursuant to § 362(d)(4). We DISMISS the appeal from the stay relief order as MOOT because Ellis has since been granted a discharge in her bankruptcy case and, therefore, the automatic stay has terminated by operation of § 362(c)(2)(C). We REVERSE the grant of in rem relief because Yu was not a creditor with a claim secured by an interest in the subject property as required by § 362(d)(4).

### FACTS

Ellis purchased a house in San Francisco in 2005 (the "Property"). She financed this purchase with a loan from Long Beach Mortgage Company; the loan was evidenced by a note and deed of trust on the Property.

Ellis defaulted on the note and deed of trust by failing to make required payments in mid-2008. Since her default, Ellis has filed five chapter 13 and chapter 7 bankruptcy cases in the Northern District of California bankruptcy court, including the case out of which this appeal arises. All of her prior cases were dismissed either because Ellis failed to file required

---

[3] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all Civil Rule references are to the Federal Rules of Civil Procedure 1-86.

documents or because she failed to make chapter 13 plan payments.

On June 11, 2009, Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-2 ("Deutsche Bank") purchased the Property at a trustee's foreclosure sale. Deutsche Bank then sued Ellis in state court, and on August 7, 2012, obtained an unlawful detainer judgment by default against Ellis and her uncle, who also resided at the Property.

On August 23, 2013, Yu purchased the Property from Deutsche Bank and a grant deed in Yu's favor was recorded the same day. Deutsche Bank also assigned all of its rights under the unlawful detainer judgment to Yu on October 15, 2013; Yu recorded that assignment on October 28, 2013.

After Ellis filed the current chapter 13 case on December 9, 2013, Yu filed a Motion for Relief from Stay and In Rem Relief under § 362(d)(2) and § 362(d)(4) on January 3, 2014. As grounds for his request that the bankruptcy court allow him to continue his efforts to take possession of the Property, Yu alleged in the motion that he owned the Property, that Ellis lacked any cognizable interest in it, and that "[t]he evidence shows that Debtor has filed this petition in an attempt to delay, hinder, and defraud Movant, and that her scheme involved multiple bankruptcy filings affecting such real property."

The same day, Yu filed an ex parte motion for an order shortening the time for the hearing on the stay relief motion, alleging that there was an imminent danger of irreparable damage to the Property, and also because of the history of allegedly bad faith bankruptcy filings by Ellis. The bankruptcy court granted the request for shortened notice on the hearing, but subject to a

-3-

proviso:

> The court hereby GRANTS the request for a hearing on shortened notice, on the condition that [Yu's] counsel delivers this order and the motion for relief from stay (and supporting documents) to Debtor by personal service no later than the close of business on Wednesday, January 8, 2014.

Order Shortening Time at 1, January 7, 2014.

According to a certificate, Yu's process server attempted to personally serve Ellis on January 7, and twice on January 8, 2014. He finally effected personal service on Ellis at 6:00 a.m. on January 9, 2014. Yu had also sent copies of the documents by overnight mail to Ellis on January 7, 2014; according to a receipt, they were delivered to Ellis on January 8, 2014.[4]

Ellis filed a lengthy objection to Yu's stay relief motion on January 9, 2014, arguing, among other things, that "Yu is not a secured creditor of the Debtor and does not claim to be a secured creditor of the Debtor" and that the alleged assignment of the unlawful detainer judgment from Deutsche Bank to Yu was invalid. The objection was accompanied by Ellis' five-page declaration disagreeing with several of Yu's factual allegations regarding the alleged deterioration of the Property and asserting

---

[4] At oral argument before the Panel, Debtor argued that the reported mail delivery of the documents on January 8, 2014 was not true, and that the documents were actually received on January 9, 2014. The declaration of Jordan Fong of Yu's attorney's office, "Proof of Service by Overnight Delivery," found in the bankruptcy court's docket attaches "FedEx Travel History Statement 862783209546" showing actual delivery to Ellis' address on Wednesday, January 8, 2014, at 8:32 p.m. While the precise date and time of delivery will not impact our decision, we exercise our discretion to review that declaration in resolving the issues in this appeal. O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert), 887 F.2d 955, 957-58 (9th Cir. 1989).

-4-

legal defenses.[5]  On January 10, 2014, Ellis also filed a five-page "Notice of Noncompliance," accompanied by a nine-page affidavit, indicating that the Yu's service of the stay relief motion on her was untimely and that she would not attend the scheduled hearing on January 13.[6]

The bankruptcy court conducted the hearing on the stay relief motion on January 13, 2014.  Ellis did not attend.  After noting her absence, and hearing from counsel for Yu, the court granted the motion, finding:

> Regarding service, I am going to find that service was sufficient. . . .  I find it to have been substantially in compliance with Judge Montali's order, based in part on the fact that the Debtor herself acknowledges when she received the papers and that she has filed detailed opposition to the relief sought.
>
> Regarding the merits of the motion, I find that Ms. Ellis' ownership and possessory interest in the property has been terminated.  Ownership interest terminated upon the sale of the Property in foreclosure, and possessory interest terminated upon the entry of the unlawful detainer judgment for possession, of which your client has accepted what

---

[5]  Ellis' declaration was not included in the excerpts of record on appeal.  We have located what appears to be the declaration Ellis submitted to the bankruptcy court in its docket at 25.  Again, we exercise our discretion to review that declaration.  In re E.R. Fegert, 887 F.2d at 957-58.

[6]  The bankruptcy court would later observe, in an Order Denying Further Stay Pending Appeal entered on February 20, 2014, that:

Debtor was aware of the [stay relief motion and request for hearing on shortened notice] on or before January 9, as she filed an 11-page objection and a 5-page declaration on that date.  This detailed response is compelling proof that Debtor was not denied any due process and any defects in the service of the moving papers were harmless.

-5-

appears to me to be a valid assignment. So I'm going to grant the motion for relief from stay under [§] 362(d)(1)[7] and (2).

With regard to [Yu's request for in rem relief], I note that the Debtor has filed a number of bankruptcy cases since acquiring the Property. . . . She has failed to prosecute most of the cases that she has filed, and all of the cases that she has filed in the years since acquiring the Property. . . . She was required to, but did not, attend a meeting of creditors pursuant to section 341 of the Bankruptcy Code. . . . It appears that she has filed the several cases that she has filed since acquiring the Property as part of a scheme to hinder and delay her creditors, including J.P. Morgan, and by virtue of your client's assignment, your client. So I'm going to grant in rem relief as well.

Hr'g Tr. 4:11–6:1, January 13, 2014.

On January 27, 2014, the bankruptcy court entered an Order Granting In Rem Relief from the Automatic Stay. The order memorialized the findings made on the record at the January 13, 2014 hearing and terminated the automatic stay under §§ 362(d)(1) and (2). The order also granted in rem relief in Yu's favor under § 362(d)(4), providing that, "this order terminating the automatic stay under 11 U.S.C. § 362 as to [Yu's] interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two years after the date of this Order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to [Yu's] interest in the Property." Order at 2.

---

[7] Yu had not sought stay relief under § 362(d)(1); his motion alleged that relief was warranted under § 362(d)(2). But that the bankruptcy court granted Yu relief from the stay for "cause" when Yu had not asserted that in his motion is of no moment. Ellis did not challenge this discrepancy on appeal, and below, we deem Ellis' appeal from that aspect of the motion is now moot and must be dismissed.

-6-

Ellis filed a timely notice of appeal of the stay relief order on February 3, 2014.

## EVENTS SUBSEQUENT TO THE APPEAL

We may take judicial notice of events in the bankruptcy case occurring subsequent to the filing of an appeal if they resolve the dispute between the parties. Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1087 (9th Cir. 2011) ("[I]f events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot."). We have done so, and observe that on April 16, 2014, Ellis voluntarily converted her chapter 13 case to a case under chapter 7, and that on July 22, 2014, the bankruptcy court granted Ellis a discharge under § 727(a).

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). Our jurisdiction is based upon 28 U.S.C. § 158, and we discuss one aspect of that jurisdiction below.

## ISSUES

Whether the bankruptcy court's order terminating the automatic stay is moot.

Whether the bankruptcy court abused its discretion in granting in rem relief.

## STANDARDS OF REVIEW

We review our own jurisdiction, including questions of mootness, de novo. Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs), 339 F.3d 782, 787 (9th Cir. 2003).

The decision of a bankruptcy court to grant in rem relief

-7-

under § 362(d)(4) is reviewed for abuse of discretion. First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.), 470 B.R. 864, 868 (9th Cir. BAP 2012). A bankruptcy court abuses its discretion if it applies an incorrect legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible or without support from evidence in the record. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009)(en banc)).

**DISCUSSION**

**I.**

**The appeal of the stay relief provisions
in the stay relief order is moot.**

We cannot exercise jurisdiction over a moot appeal. United States v. Patullo (In re Patullo), 271 F.3d 898, 900 (9th Cir. 2001); GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994) ("The jurisdiction of federal courts depends on the existence of a 'case or controversy' under Article III of the Constitution."). A moot case is one where the issues presented are no longer live and no case or controversy exists. Pilate v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005). The test for mootness is whether an appellate court can still grant effective relief to the prevailing party if it decides the merits in his or her favor. Id. If an issue becomes moot while the appeal is pending, an appellate court must dismiss the appeal. In re Patullo, 271 F.3d at 900.

As noted above, after Ellis commenced this appeal, she filed a motion to convert her bankruptcy case from one under chapter 13

-8-

to one under chapter 7; the case was converted. Thereafter, the bankruptcy court granted Ellis a discharge under § 727(a).

Under § 362(c)(2)(C), the provisions of the § 362(a) automatic stay that would shield Ellis from any legal actions by Yu to recover the Property from her continued in effect only "until the earliest of . . . the time a discharge is granted or denied." Here, it is not disputed that Ellis has been granted a discharge by the bankruptcy court. Since the entry of the discharge order in the bankruptcy case there has been no automatic stay in effect. Consequently, even were we to overturn that part of the stay relief order that terminated the automatic stay in Yu's favor under § 362(d)(1) and (2), that stay has now terminated as a matter of law. Bigelow v. Comm'r, 65 F.3d 127, 129 (9th Cir. 1995) ("a stay immediately dissolves upon issuance of a discharge by the bankruptcy court. §362(2)(C)"). Simply put, we lack the ability to grant Ellis any effective relief as to this aspect of the order on appeal.

The Ninth Circuit has instructed that, when an appellate court cannot grant effective relief to an appellant, the appeal must be dismissed as moot. Pitts, 653 F.3d at 1087 (9th Cir. 2011) ("[I]f events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot."); Cook v. Fletcher (In re Cook), 730 F.2d 1324, 1326 (9th Cir. 1984) (dismissing appeal of stay relief order as moot where the chapter 7 discharge was issued after the appeal was filed).

The appeal of that part of the stay relief order terminating the automatic stay under §§ 362(d)(1) and (2) is therefore DISMISSED as MOOT.

## II.
### The bankruptcy court abused its discretion in granting in rem relief to Yu under § 362(d)(4)because he is not a creditor whose claim is secured by an interest in the Property.

Ellis argues that we should reverse the stay relief order because she was not served with copies of the stay relief motion in accordance with the bankruptcy court's order shortening time for the hearing. While we are skeptical of this argument, there is another, more fundamental reason appearing in the record requiring reversal.

Section 362(d)(4)(B) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay- . . .

> (4) with respect to a stay of an act against real property under subsection (a), <u>by a creditor whose claim is secured by an interest in such real property</u>, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . (B) multiple bankruptcy filings affecting such real property.

(emphasis added). Applying its plain meaning, this provision of the Code authorizes a bankruptcy court to grant the extraordinary remedy of in rem stay relief only upon the request of a creditor whose claim is secured by an interest in the subject property.

In this case, after a review of the record presented to us, Yu has never claimed that he was a secured creditor of Ellis. And in particular, Yu did not assert he was a secured creditor in the stay relief motion. Instead, in the bankruptcy court, and now on appeal, both Ellis and Yu each assert that they own the Property. In other words, this is a dispute between two putative owners of the same real property, not a contest where the parties

-10-

occupy a debtor-creditor relationship.[8]

Two recent decisions, also from the Northern District of California bankruptcy court, emphasize that a party seeking in rem relief under § 362(d)(4) must establish, and the bankruptcy court must find, that the movant is a creditor whose claim is secured by an interest in the property in question. In re Laconico, 2014 WL 3687202, at *1 (Bankr. N.D. Cal. July 24, 2014); In re Robles, 2014 WL 3715092, at *1 (Bankr. N.D. Cal. July 24, 2014).

In In re Laconico, the bankruptcy court concluded that "[b]efore a creditor can obtain in rem relief under § 362(d)(4), the creditor must establish that the creditor holds a security interest in the subject property." 2014 WL 3687202, at *1. The bankruptcy court found that the moving party seeking in rem relief in that case had adequately shown the bankruptcy court proof that it was an assignee of both a note and the deed of

---

[8] In Yu's stay relief motion, the ex parte request for an order shortening time, and in the declaration of Yu's counsel supporting the stay relief motion, Yu never refers to himself as a creditor, let alone a secured creditor. Instead, he refers to himself as "Movant." Section 101(10) defines creditor to mean "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor . . . ." "Claim" is defined by the Code, as relevant here, to mean "a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured . . . ." § 101(5)(A). We have reviewed the record, including the state court's unlawful detainer judgment, and there was no documentation or other evidence presented to the bankruptcy court at the time it granted in rem stay relief to show that Yu's entitlement to possession of the Property would constitute a claim in the bankruptcy case as defined by the Code.

-11-

trust securing the loan on the affected property. Id.

In re Robles is even more on point. There, the bankruptcy court again noted that to obtain in rem relief under § 362(d)(4), "the creditor must establish that the creditor holds a security interest in the subject property." 2014 WL 3715092, at *1. And like this case, Robles addressed a scenario where the party seeking in rem relief based the request on its alleged ownership of the property. The Robles court rejected that request for relief under § 362(d)(4), observing that a party without an ownership interest does not benefit from the protections contemplated in § 362(d)(4). In rem relief was granted under § 105(a). Id.

Other bankruptcy courts in this circuit have likewise held that the party seeking in rem relief must demonstrate that it is a secured creditor. In re Gonzalez, 456 B.R. 429, 442 (Bankr. C.D. Cal. 2011), rev'd on other grounds, Quality Loan Serv. Corp. v. Gonzalez (In re Gonzalez), 2012 U.S. Dist. LEXIS 188105 (C.D. Cal. June 14, 2012). So have courts from other circuits: In re McCray, 342 B.R. 668, 670 (Bankr. D.D.C. 2006) ("§ 362(d)(4) is limited to a stay of an act against real property and to 'a creditor whose claim is secured by an interest in such real property.' Here, [the movant] holds no claim secured by an interest in the subject property. Instead, it claims to own the property pursuant to a foreclosure sale (which by definition would extinguish the security interest it had in the

-12-

property)");[9] see also In re Stoltzfus, 2009 WL 2872860, at *6 (Bankr. E.D. Pa. March 30, 2009) ("because the movants . . . do not hold claims secured by the . . . interest in real property, the provisions of section 362(d)(4) are not applicable"). This view is also shared by a leading treatise on bankruptcy law: "the relief under § 362(d)(4) is available only to a creditor whose claim is secured by an interest in real property." 3 Collier on Bankruptcy ¶ 362.05[19][a] (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. 2013).

Though Ellis argued the point,[10] the bankruptcy court did not address the undisputed fact that Yu was not a creditor whose claim was secured by the Property. However, the evidence

---

[9] Although the bankruptcy court in McCray ruled that only secured creditors could obtain in rem relief under § 362(d)(4), it granted such relief to the property owner pursuant to its § 105(a) powers. However, this Panel has held that in rem stay relief is not available under § 105(a). Johnson v. TRE Holdings, LLC (In re Johnson), 346 B.R. 190, 195-96 (9th Cir. BAP 2006). Further, a request for in rem relief other than under the strict rules of § 362(d)(4) would involve a request for an injunction or other equitable relief affecting an interest in property for purposes of Rules 7001(2) and 7001(7). In re van Ness, 399 B.R. 897, 904 (Bankr. E.D. Cal. 2009). Such a request would therefore require the procedural protections of an adversary proceeding rather than a contested matter under Rule 9014. Id.

[10] In her objection to the stay relief motion, the very first line reads, "Movant Junying Yu is not a secured creditor of the Debtor and does not claim to be a secured creditor of the Debtor." Later, in opposition to the ex parte request for stay pending appeal to the bankruptcy court, she repeated the argument: "Movant Yu does not claim to be either a secured or an unsecured creditor of the Debtor here." Yu never responded to Ellis' argument that he is not a secured creditor, and the bankruptcy court did not rule on Ellis' argument.

submitted to the bankruptcy court by Yu unequivocally demonstrates that he sought in rem relief, not as a secured creditor, but as the putative owner of the Property. Because Yu was not a "creditor whose claim is secured by an interest" in the Property, we conclude that the bankruptcy court applied an incorrect legal rule and thereby abused its discretion when it granted Yu in rem relief under § 362(d)(4). Accordingly, that aspect of the bankruptcy court's order is REVERSED.

## CONCLUSION

We DISMISS the appeal from the bankruptcy court's order terminating the automatic stay under § 362(d)(1) and (2) as MOOT. We REVERSE the bankruptcy court's grant of in rem relief to Yu under § 362(d)(4) because Yu was not a creditor whose claim is secured by the Property.