
**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. EC-18-1001-BHKu |
| DAVID KENNETH LIND, | Bk. No. 16:27672-RSB |
| Debtor. | |
| DAVID KENNETH LIND, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| HANK SPACONE, Chapter 11 Trustee, | |
| Appellee. | |

Argued and Submitted on June 21, 2018
at Sacramento, California

Filed – July 27, 2018

Appeal from the United States Bankruptcy Court
for the Eastern District of California

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Robert S. Bardwil, Bankruptcy Judge, Presiding

---

Appearances:    Appellant David Kenneth Lind argued pro se; J. Russell Cunningham of Desmond, Nolan, Livaich & Cunningham argued for appellee Hank Spacone, Chapter 11 Trustee.

---

Before:    BRAND, HURSH[**] and KURTZ, Bankruptcy Judges.

## INTRODUCTION

Appellant, David Kenneth Lind, appeals an order approving the sale of certain real property by chapter 11[1] trustee, Hank M. Spacone ("Trustee"). Because Trustee and the buyer of the property have agreed to abandon the sale and are now seeking relief in a new sale motion, we DISMISS the appeal as MOOT.[2]

---

[**] Hon. Benjamin P. Hursh, Chief Bankruptcy Judge for the District of Montana, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] On April 5, 2018, Lind filed a 30-page set of exhibits which appear to be supplemental excerpts of the record. The issue of whether the supplemental excerpts would be considered was taken under advisement and to be decided by the merits panel. These exhibits do not appear to have been before the bankruptcy court when it

(continued...)

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Events prior to the current bankruptcy case

Lind, with his wife, filed two bankruptcy cases prior to the current case. Both cases were dismissed without confirmation or discharge. In those cases, the Linds identified an ownership interest in four California real properties: (1) the Davis Road Property; (2) the Peltier Road Property; and (3) the West Sargent Road Properties. The Linds described the properties as vineyards in need of maintenance.

With their bankruptcy cases dismissed, the Linds sought another way to save their home and grape farming operations. On April 30, 2014, they executed a promissory note borrowing $800,000 from Matthew Dobbins. The note was secured by a first deed of trust on the Davis Road Property in favor of Dobbins. As part of the Dobbins loan transaction, in return for immediate payment of an additional $500,000 to the Linds, Dobbins bargained for the staggered purchase of a 10-acre portion of the Davis Road Property: (1) a 2.56-acre parcel that would convey at closing; and (2) an additional 7.44-acre parcel that would convey upon the county's approval of a lot line adjustment. The

---

[2](...continued)

made its decision respecting the sale at issue. In fact, some of the exhibits are dated after the sale order was entered. We will not consider evidence not presented to the bankruptcy court. *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1998) (appellate court cannot consider items not presented to the trial court when it made its decision). Accordingly, we DENY Lind's request to consider the supplemental excerpts.

future lot line adjustment would combine the 2.56-acre parcel Dobbins would receive at closing with his later-acquired 7.44-acre parcel to create one 10-acre parcel. Dobbins received a second deed of trust against the Davis Road Property to secure the Linds' obligation to convey the 7.44-acre parcel.

In September 2014, the Linds borrowed an additional $660,000 from three related lenders, whose claims were secured by third, fourth and fifth deeds of trust against the Davis Road Property.

The Linds ultimately defaulted on their obligations to pay Dobbins and to convey the 7.44-acre parcel. Dobbins filed a state court action against the Linds and the junior lienholders to judicially foreclose his deeds of trust and to enforce the Linds' obligation to convey the additional 7.44 acres.

**B.     The current bankruptcy case**

On November 18, 2016, Lind (without Mrs. Lind) filed a chapter 12 bankruptcy case. He valued the Davis Road Property at $3,262,000. The $800,000 obligation to Dobbins was now $1.1 million; the $660,000 collective obligation to the junior lienholders was $900,000.

Prior to this bankruptcy case, the Linds were party to an agreement dated August 9, 2016, to sell the Davis Road Property to Robert Panella for $3,432,550 as part of a 1031 tax exchange. In December 2016, Lind represented to the court that the Panella sale for the Davis Road Property was a "complicated transaction" that he had "endeavored to complete," and that there were "additional issues to be worked out before the sale [could] be

4

completed."

Shortly after the bankruptcy filing, the chapter 12 trustee moved to dismiss Lind's case. In response, Lind moved to convert his case to chapter 11, conceding non-eligibility for chapter 12. Panella opposed conversion, noting that there were several issues with the sale of the Davis Road Property.[3]

Lind's case was converted to chapter 11 on February 1, 2017.

### 1. Events prior to Trustee's sale of the Davis Road Property

#### a. Lot line adjustment motion

Trustee moved for approval of the lot line adjustment of the Davis Road Property in order to convey the 7.44-acre parcel to Dobbins as per the Dobbins agreement. In exchange, Dobbins would reconvey his $200,000 second deed of trust against the Davis Road Property, dismiss his state court lawsuit, and withdraw the lis pendens. Trustee maintained that completing the lot line adjustment mitigated Dobbins' continuing damage claim. Lind opposed the lot line adjustment motion. The bankruptcy court approved the lot line adjustment motion.[4]

#### b. Sale of the Peltier Property

Meanwhile, Trustee moved to sell the Peltier Property for $2.8 million. Lind opposed the sale, arguing that it was inadequately marketed. After

---

[3] Ultimately, Panella withdrew from the sale.

[4] The lot line adjustment motion was heard the same day as the motion to sell the Davis Road Property — December 20, 2017.

bidding by two parties, the bankruptcy court approved the sale of the Peltier Property for $3.325 million. That sale has closed.

**2.     Sale of the Davis Road Property**

Trustee moved to approve the sale of the Davis Road Property to Lodi Pharmacy, Inc. for $2.44 million ($30,500 per acre), subject to overbidding, and to approve the broker's compensation for $122,000 (5% of the gross sale price). He requested relief under § 363(f) to sell the Davis Road Property free and clear of Dobbins's second deed of trust, which was still subject to the then-pending lot line adjustment motion, and any disputed interest in a dirt access road that could be claimed by a party known as the Kahrs Heirs.

In support of the sale, Trustee explained that the various abstracts of judgment filed against the Davis Road Property totaling approximately $170,000 would be satisfied from proceeds from the Peltier Property sale. After the lot line adjustment, the Davis Road Property was subject to secured claims of approximately $2.1 million. Therefore, after paying secured creditors in full and costs of sale, approximately $134,000 would be available for unsecured claims. Trustee asserted that the sale had a valid business justification and was in the best interest of the estate. Lind was served with the sale motion but filed no objection.

Lind did not appear at sale hearing; no other parties showed up to bid. Trustee announced at the hearing that the Kahrs Heirs and Dobbins consented to the sale. The bankruptcy court approved the sale of the Davis Road

6

Property to Lodi for $2.44 million, finding that the price was reasonable and that the sale was in the best interest of the estate. The court further approved the sale free and clear of any claims from the Kahrs Heirs and Dobbins based on their consent to the sale. The court also approved a broker's commission of $122,000. Lind timely appealed the sale order entered on December 21, 2017. On appeal, Lind asserts that the court erred in approving the sale, because Trustee did not adequately market the Davis Road Property and because the price was too low.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(N). We explain our jurisdiction below.[5]

## III. ISSUES

1.     Is the appeal moot?

2.     If the appeal is not moot, did the bankruptcy court abuse its discretion in approving the sale of the Davis Road Property and the broker's commission?

## IV. STANDARDS OF REVIEW

Mootness is a question of law we review de novo. *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677 (9th Cir. BAP 2014).

We review § 363 sale orders for an abuse of discretion. *Fitzgerald v. Ninn*

---

[5] Although Trustee does not dispute Lind's standing, it appears that a surplus estate may exist, which gives Lind standing to appeal the sale order.

*Worx Sr, Inc. (In re Fitzgerald)*, 428 B.R. 872, 880 (9th Cir. BAP 2010). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

### A. The appeal is moot.

Earlier, the Panel denied Lind's request for a stay pending appeal. Trustee conceded at that time that the appeal was not moot, because the sale of the Davis Road Property had not closed. However, on June 6, 2018, just two weeks prior to oral argument, Trustee moved to dismiss the appeal of the sale order for mootness, stating that he and Lodi were abandoning the sale and starting over. Lind was given an opportunity to, and did, respond to Trustee's motion. The Panel opted to defer ruling on the motion until after oral argument. After careful consideration, we agree that the appeal of the sale order for the Davis Road Property is moot.

Constitutional mootness derives from constitutional limitations on the federal court to adjudicate only actual cases and live controversies. *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 33 (9th Cir. BAP 2008). "An appeal is constitutionally moot when events occur during the pendency of the appeal that make it impossible for the appellate court to grant

8

effective relief." *Collect Access LLC v. Hernandez (In re Hernandez)*, 483 B.R. 713, 719 (9th Cir. BAP 2012). Trustee states that he and Lodi agreed to several extensions of the time in which to close the Davis Road Property sale, the last of which expired on May 31, 2018. Trustee states that he and Lodi have abandoned the sale as contemplated in the original motion. Trustee will start over with a new motion for the same purchase price, subject to overbidding, that includes a request that the purchaser be found in good faith under § 363(m). Because the prior sale contract has expired and is no longer effective, and because Trustee has now filed the new sale motion for the Davis Road Property in the bankruptcy court, no live controversy exists for the current sale order on appeal; it is essentially a nullity. Even if Lind were to prevail on the merits, it is impossible for us to grant him any effective relief. Accordingly, the appeal of the sale order is moot.

As for Lind's concerns regarding the sale of this property, he will have another opportunity to express them before the bankruptcy court either in a written objection or at the new sale hearing, which is open to overbidders.

## VI.  CONCLUSION

For the reasons stated above, we DISMISS the appeal as MOOT.