FILED

DEC 16 2019

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. MT-18-1293-BHF |
| JOHN PATRICK STOKES, | Bk. No. 2:18-bk-60681-JDP |
| Debtor. | |
| JOHN PATRICK STOKES, | |
| Appellant, | |
| v. | MEMORANDUM* |
| LSF8 MASTER PARTICIPATION TRUST; KATHLEEN A. McCALLISTER, Chapter 13 Trustee; MONTANA DEPARTMENT OF REVENUE, | |
| Appellees. | |

Argued and Submitted on November 21, 2019
at Las Vegas, Nevada

Filed – December 16, 2019

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the District of Montana

Honorable Jim D. Pappas, Bankruptcy Judge, Presiding

---

Appearances:    Appellant John Patrick Stokes argued pro se; Brian Audette
                of Perkins Coie LLP argued for appellee LSF8 Master
                Participation Trust.[**]

---

Before:    BRAND, HERCHER[***] and FARIS, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor John Patrick Stokes appeals an order granting LSF8 Master Participation Trust ("LSF8") relief from the automatic stay and in rem relief for real property once owned by Stokes. We DISMISS as MOOT the portion of the order granting stay relief under § 362(d)(1) and (2), because Stokes's bankruptcy case was dismissed prior to the appeal. As for the in rem relief, which has not been mooted by the dismissal, we REVERSE, because

---

[**] Appellees Kathleen McCallister, Chapter 13 Trustee, and Montana Department of Revenue did not appear in this appeal.

[***] Hon. David W. Hercher, Bankruptcy Judge for the District of Oregon, sitting by designation.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

LSF8 as owner of the property was not eligible for relief under § 362(d)(4).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.      Stokes's prior bankruptcy cases**

Stokes is no stranger to the bankruptcy court. He filed a chapter 11 bankruptcy case in 2009. The case was converted to chapter 7 and a trustee was appointed. During the case, the trustee sued Stokes, his wife Pamela, and their daughter Elizabeth for claims relating to the Stokeses' home, known as the Raven Way Property. Ultimately, the parties settled in March 2012. Stokes and Pamela agreed to pay the estate $8,000 to settle the trustee's claims against them; Elizabeth was dismissed from the case upon her immediate transfer of any purported interest in the Raven Way Property to Pamela. If Stokes and Pamela failed to pay the judgment, the trustee was authorized to sell the Raven Way Property free and clear of any purported liens asserted by Pamela, Elizabeth, and a former lienholder, HSBC Mortgage Services, Inc. Apparently, the judgment was paid. The trustee did not, as Stokes contends, sell the Raven Way Property to Pamela "free and clear" on March 12, 2012. In fact, the trustee later abandoned the Raven Way Property from the bankruptcy estate. Stokes received a chapter 7 discharge in January 2013.[2]

Stokes then filed a chapter 13 bankruptcy case in October 2015. He never confirmed a plan, and the case was dismissed on his motion on January

_____

[2] Pamela filed her own chapter 13 bankruptcy case in 2014. LSF8 obtained stay relief to pursue its non-bankruptcy remedies against the Raven Way Property in her case on April 13, 2015.

5, 2016.

In response to a trustee's sale set for July 19, 2016, Stokes filed his second chapter 13 bankruptcy case on July 15, 2016. He failed to appear at the § 341(a) meeting of creditors, and the case was dismissed. Thereafter, the Raven Way Property was sold to LSF8[3] at a foreclosure sale on August 18, 2016, for $449,804.40.

## B. Stokes's current bankruptcy case

In response to LSF8's attempts to evict Stokes from the Raven Way Property, Stokes filed his third and current chapter 13 bankruptcy case on July 12, 2018. Despite the 2016 foreclosure sale, Stokes claimed that he held a 1% ownership interest in the Raven Way Property, with Pamela holding the remaining 99% interest.

### 1. LSF8's motion for relief from stay

LSF8 moved for in rem relief from the automatic stay under § 362(d)(4)(B) ("Stay Relief Motion"). LSF8 maintained that it was the owner of the Raven Way Property, having purchased it at the 2016 foreclosure sale. LSF8 argued that in rem relief was necessary to prevent Stokes from further

---

[3] WMC Mortgage Corporation was the original lender for the Raven Way Property in 1998. WMC assigned its interest in the note and deed of trust to Household Finance Corporation II in 1999. Household Finance Corporation II assigned its interest in the note and deed of trust to LSF8 in October 2013. Caliber Home Loans, Inc. became servicer of the loan in December 2013. In 2015, First American Title Company of Montana, Inc. became the successor trustee for the deed of trust. First American issued the notice of sale and conducted the foreclosure sale in 2016.

abusing the bankruptcy process with his multiple filings to frustrate and prevent LSF8's eviction efforts. To establish its ownership interest in the Raven Way Property, LSF8 attached a copy of the recorded trustee's deed.

Stokes opposed the Stay Relief Motion, and he also attempted to raise counterclaims for alleged stay violation damages in connection with the 2016 foreclosure sale and various other relief. Stokes again asserted that he and Pamela, not LSF8, owned the Raven Way Property due to the chapter 7 trustee's "free and clear" sale to Pamela in 2012. Stokes also argued that LSF8 never owned the note or deed of trust for the Raven Way Property and that LSF8 had presented forged and false mortgage documents in the state court litigation over the foreclosure sale.

### 2. The bankruptcy court's ruling on the Stay Relief Motion

At the hearing on the Stay Relief Motion, counsel for LSF8 confirmed that his client had not filed a proof of claim because it was not claiming to be a creditor in the case; rather, it was the owner of the Raven Way Property. Stokes confirmed that he filed the current chapter 13 case due to LSF8's eviction efforts. At that same hearing, the court considered whether to confirm Stokes's proposed chapter 13 plan over the objection of several parties, including the chapter 13 trustee.

The bankruptcy court orally granted the Stay Relief Motion under § 362(d)(1) and (2), and in rem relief under § 362(d)(4). It also denied plan confirmation and sua sponte dismissed the case, finding that Stokes had no

5

legitimate need for bankruptcy relief. The court entered an order on the Stay Relief Motion ("Stay Relief Order") and a separate order dismissing Stokes's bankruptcy case on the same day.

### 3. Stokes's post-ruling motions

Stokes then moved to "vacate" the Stay Relief Order ("Motion to Reconsider Stay Relief"). He argued three things: (1) LSF8 failed to caption its motion as an "in rem" motion; (2) the bankruptcy court lacked jurisdiction to order in rem relief because Pamela, the 99% owner of the Raven Way Property, was not served with the Stay Relief Motion; and (3) the bankruptcy court lacked jurisdiction over the Raven Way Property because it was subject to an appeal pending before the United States Supreme Court. Before the bankruptcy court could rule on the Motion to Reconsider Stay Relief, Stokes appealed the Stay Relief Order.

Three days later, Stokes filed a Motion for Relief and Rehearing and Award of Damages in All Respects to Stokes ("Motion for Relief and Rehearing"). That motion appeared to be seeking reversal of the case dismissal order and requesting alleged damages associated with the pending state court proceedings involving LSF8.

After a hearing, the bankruptcy court orally denied all of Stokes's requested relief.[4] It then entered a combined order denying the Motion to

---

[4] The bankruptcy court also heard two other motions at that hearing: (1) Stokes's motion for leave to appeal in forma pauperis; and (2) LSF8's motion to quash various

(continued...)

6

Reconsider Stay Relief and the Motion for Relief and Rehearing.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158 to review the court's Stay Relief Order, subject to our mootness discussion below.[5]

We do not, however, have jurisdiction to review the bankruptcy court's order denying the Motion to Reconsider Stay Relief, because Stokes did not file a notice of appeal or an amended notice of appeal for that order. As the governing Rule specifies:

> If a party intends to challenge an order disposing of any motion listed in subdivision (b)(1) [including motions under Rules 9023 and 9024] . . . the party must file a notice of appeal or an amended notice of appeal. The notice or amended notice must . . . be filed within the time prescribed by this rule, measured from the entry of the order disposing of the last such remaining motion.

Rule 8002(b)(3). An appellant's failure to comply with the appeal filing deadlines set forth in Rule 8002 typically deprives us of jurisdiction. *Olomi v.*

---

[4](...continued)
subpoenas issued by Stokes, which appear to relate to the Motion for Relief and Rehearing. Those issues are not before the Panel.

[5] On December 10, 2018, we issued an order limiting the scope of this appeal to the Stay Relief Order. Stokes was invited to file a separate appeal of the case dismissal order but did not do so. Therefore, we are not considering that issue. To the extent the bankruptcy court made findings in the November 14, 2018 order regarding Stokes's Motion for Relief and Rehearing, including the issues of plan confirmation and sua sponte dismissal of his case, we do not consider those issues on appeal because Stokes elected not to appeal the case dismissal order.

*Tukhi (In re Tukhi)*, 568 B.R. 107, 112 (9th Cir. BAP 2017) *(citing Slimick v. Silva (In re Slimick)*, 928 F.2d 304, 306 (9th Cir. 1990)).

On the other hand, in reviewing the bankruptcy court's Stay Relief Order, "we have jurisdiction (and a duty) to review any enhanced findings or 'new factual determinations' the bankruptcy court made in support of its original ruling — even if those enhanced findings were part of the court's ruling on a postjudgment motion that never was appealed and even if the court considered and relied upon evidence that was not presented until after it made its original ruling." *Id.* (citing *Moldo v. Ash (In re Thomas)*, 428 F.3d 1266, 1268-69 (9th Cir. 2005) ("The BAP erred in concluding that it lacked jurisdiction to review the bankruptcy court's amended findings") and *Ash v. Moldo (In re Thomas)*, BAP No. CC-03-1052-PMaPa, 2006 WL 6811032 at *4-7 (9th Cir. BAP 2006) (on remand from Circuit, holding that bankruptcy court's amended findings were clearly erroneous based on evidence submitted to the court as part of postjudgment proceedings)).

### III. ISSUES

1.     Is the appeal of the portion of the Stay Relief Order granting relief under § 362(d)(1) and (2) moot?

2.     Did the bankruptcy court abuse its discretion in granting LSF8 in rem relief under § 362(d)(4)(B)?

### IV. STANDARDS OF REVIEW

We review our own jurisdiction, including questions of mootness, de

novo. *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677 (9th Cir. BAP 2014) (citing *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003)).

We review a bankruptcy court's order granting relief from the automatic stay for an abuse of discretion. *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 868 (9th Cir. BAP 2012). A bankruptcy court abuses its discretion if it applies an incorrect legal standard, or if its factual findings are illogical, implausible or without support from evidence in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## V. DISCUSSION

### A. The appeal of the portion of the Stay Relief Order granting relief under § 362(d)(1) and (2) is moot.

We cannot exercise jurisdiction over a moot appeal. *United States v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900 (9th Cir. 2001); *In re Ellis*, 523 B.R. at 677. A case is moot where the issues presented are no longer live and no case or controversy exists. *Pilate v. Burrell (In re Burrell)*, 415 F.3d 994, 998 (9th Cir. 2005). The test for mootness is whether an appellate court can still grant effective relief to the prevailing party if it decides the merits in his or her favor. *Id.*

Although LSF8 did not request it, the bankruptcy court granted stay relief under both § 362(d)(1) and (2), finding that LSF8 had established

9

"cause" and that Stokes lacked any equity in the Raven Way Property and that it was not necessary for an effective reorganization. The court also sua sponte dismissed Stokes's bankruptcy case that same day. Consequently, even if we were to overturn the portion of the Stay Relief Order granting relief under § 362(d)(1) and (2), the automatic stay terminated as a matter of law once the case was dismissed. § 362(c)(2)(B). Stokes has not appealed the dismissal order. Thus, we lack the ability to grant Stokes any effective relief as to this aspect of the order on appeal. *See Benzeen Inc. v. JP Morgan Chase Bank (In re Benzeen Inc.)*, BAP No. CC-18-1097-TaLS, 2018 WL 6627275, at *3 (9th Cir. BAP Dec. 18, 2018) (dismissal of underlying bankruptcy case moots an appeal from a stay relief order under § 362(d)(1) if the dismissal is not appealed) (citing *Castaic Partners II, LLC v. DACA-Castaic, LLC (In re Castaic Partners II, LLC)*, 823 F.3d 966, 969 (9th Cir. 2016)).

Accordingly, the appeal of the portion of the Stay Relief Order terminating the automatic stay under § 362(d)(1) and (2) is DISMISSED as MOOT.

**B.     The bankruptcy court abused its discretion by granting LSF8 in rem relief under § 362(d)(4).**

The in rem portion of the Stay Relief Order is binding in any bankruptcy case until at least September 2020, assuming LSF8 timely and properly recorded it. Therefore, while the Stay Relief Order is moot in part, the portion of the order granting LSF8 in rem relief is not moot because of the

10

ramifications of such relief and its effect on future debtors and third parties not before the court. *Sepehry-Fard v. U.S. Bank, N.A. (In re Sepehry-Fard)*, BAP No. NC-17-1118-BTaF, 2018 WL 2709718, at \*5 (9th Cir. BAP June 5, 2018).

Our review for abuse of discretion requires that we first determine whether the bankruptcy court applied the correct legal rule. It did not. While the record and the court's factual findings would have clearly supported an in rem order, LSF8, as the putative owner of the Raven Way Property, is not eligible for relief under § 362(d)(4).

Section § 362(d)(4) permits the bankruptcy court to grant in rem relief from the automatic stay in order to address schemes using multiple bankruptcy filings as a means to thwart a secured creditor's legitimate foreclosure efforts with respect to real property. *See* § 362(d)(4)(B). Relief under § 362(d)(4) has serious implications. *In re First Yorkshire Holdings, Inc.*, 470 B.R. at 871. By seeking such relief, the creditor requests specific prospective protection against not only the debtor, but also every non-debtor, co-owner, and subsequent owner of the property. If granted, and if the order is properly recorded, such relief nullifies the ability of the debtor and any other third party with an interest in the property to obtain the benefits of the automatic stay as to that property in future bankruptcy cases for a period of two years. *Id.*

However, to obtain relief under § 362(d)(4), the movant must be "a creditor whose claim is secured by an interest in such real property." *In re*

*Ellis*, 523 B.R. at 678. In the Stay Relief Motion and at the hearing, LSF8 asserted that it was not a creditor in Stokes's bankruptcy case; rather, it was the owner of the Raven Way Property and wanted to proceed with an eviction action against Stokes to gain possession. Stokes also claimed an ownership interest in the Raven Way Property, despite the foreclosure sale three years ago. As was the case in *Ellis*, "this is a dispute between two putative owners of the same property, not a contest where the parties occupy a debtor-creditor relationship." *Id.*

In *Ellis*, the movant had purchased the debtor's real property from the foreclosing lender four years after the foreclosure sale, and the foreclosing lender also assigned to the movant all of its rights under the post-foreclosure unlawful detainer judgment. *Id.* at 674. The Panel reversed the bankruptcy court's order granting in rem relief to the movant under § 362(d)(4)(B), because the movant was the owner of the property, not a creditor with a security interest in the property as required by the statute. *Id.* at 679-80.

Since *Ellis*, this Panel has opined in two unpublished decisions that a foreclosing lender (i.e., owner) is not "a creditor whose claim is secured by an interest in such real property," and is therefore unable to obtain in rem relief under § 362(d)(4). *See Ramirez v. Nationstar Mortg. LLC (In re Ramirez)*, BAP No. EC-16-1015-KuMaJu, 2016 WL 7189831, at *7 n.7 (9th Cir. BAP Dec. 2, 2016) (noting that on remand, if the bankruptcy court granted retroactive stay relief and validated the foreclosing lender's sale, it would not be "necessary or

correct" to additionally grant the lender relief under § 362(d)(4), because the lender no longer would be a "creditor whose claim is secured by an interest in the property in question") (citing *In re Ellis*, 523 B.R. at 679-80); *Ray v. Deutsche Bank Nat'l Tr. Co. (In re Ray)*, BAP No. NV-15-1137-LDoKi, 2016 WL 6699315, at *6 (9th Cir. BAP Nov. 14, 2016) (bankruptcy court correctly denied in rem relief to foreclosing lender, because, as owner of the property, the lender was no longer "a creditor whose claim is secured by an interest in the property" under § 362(d)(4) (citing *In re Ellis*, 523 B.R. at 678-79)).

At oral argument, LSF8 conceded our holding in *Ellis* but argued that it is distinguishable:  LSF8 was the foreclosing lender, not a third-party purchaser as was the case in *Ellis*. However, as *Ramirez* and *Ray* point out, that LSF8 was the foreclosing lender and not a third-party purchaser is a distinction without a difference. A foreclosure sale, by definition, extinguishes whatever security interest a secured creditor had in the property. *In re Ellis*, 523 B.R. at 679 (citing *In re McCray*, 342 B.R. 668, 669 (Bankr. D.D.C. 2006)). Thus, LSF8 is not a "creditor" and holds no claim secured by an interest in the Raven Way Property as contemplated by the statute.

However, LSF8 was not without other remedies which could provide similar results. LSF8 could have requested a re-filing bar in the litigation for dismissal of Stokes's bankruptcy case. Or, it could do so upon Stokes's next bankruptcy filing, assuming there is one and such relief is necessary to

complete the eviction. Further, as the owner of the property, LSF8 has a much larger "bundle of rights" than a lienholder and may have other remedies under state law. *See United States v. Sec. Indus. Bank,* 459 U.S. 70, 76 (1982) (the "bundle of rights" which accrues to a secured party is obviously smaller than that which accrues to an owner in fee simple).

Because LSF8 is the owner of the Raven Way Property, and not a creditor whose claim is secured by the property, we conclude that the bankruptcy court applied an incorrect legal rule and thereby abused its discretion when it granted LSF8 in rem relief under § 362(d)(4). Accordingly, that aspect of the Stay Relief Order is REVERSED.

## VI. CONCLUSION

For the reasons stated above, we DISMISS the appeal from the portion of the Stay Relief Order terminating the automatic stay under § 362(d)(1) and (2) as MOOT, and we REVERSE the portion of the Stay Relief Order granting in rem relief to LSF8 under § 362(d)(4).